# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES PHILLIPS, and ROBERT SAEMIAN, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:18-cv-00821 |
| vs. | § § | CLASS ACTION |
| WIPRO LIMITED, | § § | Jury Trial Demanded |
| Defendant. | § § | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

i

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... ii
TABLE OF AUTHORITIES .................................................................................................... iii
PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT ................ 1
    I.    BACKGROUND .............................................................................................. 2
    II.    LEGAL STANDARD ...................................................................................... 4
    III.    ARGUMENT .................................................................................................... 5
        A.    Amendment Is Timely and Will Cause No Undue Delay ............................ 5
        B.    Plaintiffs Are Not Moving in Bad Faith or With Dilatory Motive. ............ 7
        C.    Plaintiffs Do Not Seek to Cure Deficiencies. ............................................. 8
        D.    Amendment Will Not Prejudice Wipro. ..................................................... 8
        E.    Wipro Cannot Demonstrate Futility ......................................................... 10
    IV.    CONCLUSION .............................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016) ......................................... 8

*Am. Legend Homes v. Navigators Specialty Ins. Co.*, No. 4:19-cv-00035, 2019 U.S. Dist. LEXIS 191341 (E.D. Tex. Nov. 5, 2019) .................................................................................... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 10, 12

*Brown v. Kastle Sys. of Tex. LLC*, No. H-08-02888, 2009 U.S. Dist. LEXIS 87270 (S.D. Tex. Sept. 23, 2009) ........................................................................................................................ 5

*Carmack v. Park Cities Healthcare*, LLC, No. 3:16-CV-3500-D, 2017 U.S. Dist. LEXIS 199511 (N.D. Tex. Dec. 5, 2017) ......................................................................................................... 9

*Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157 (5th Cir. 1982) ................. 4, 5

*Decorative Ctr. of Houston, L.P. v. Direct Response Publ'ns, Inc.*, 208 F. Supp. 2d 719 (S.D. Tex. 2002) .............................................................................................................................. 10

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981) .......................................... 4, 5, 7

*Erickson v. Pardus*, 551 U.S. 89 (2007) ..................................................................................... 10

*Fast Capital Mktg., LLC v. Fast Capital LLC*, No. H-08-2142, 2008 U.S. Dist. LEXIS 103988 (S.D. Tex. Dec. 24, 2008) ....................................................................................................... 6

*Foman v. Davis*, 371 U.S. 178 (1962) .......................................................................................... 5

*Greco v. NFL*, 116 F. Supp. 3d 744 (N.D. Tex. 2015) ................................................................. 6

*Hebert v. Specialized Envtl. Res.*, LLC, No. 12-0071, 2013 U.S. Dist. LEXIS 43452 (E.D. La. Mar. 27, 2013) ................................................................................................................. 6, 8, 9

*Holoway v. Triola*, No. 97-2216, 1997 U.S. Dist. LEXIS 20566 (E.D. La. Dec. 22, 1997) ........ 10

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977) .............................................. 11, 12

*Joseph v. La. Dep't of Corr.*, No. 15-0759, 2015 U.S. Dist. LEXIS 134777 (E.D. La. Oct. 2, 2015) ................................................................................................................................ 6, 8, 9

*Lewis v. City of Chi.*, 560 U.S. 205 (2010) ................................................................................. 11

*Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282 (5th Cir. 2002) ............................................ 5

*Pac. Specialty Ins. Co. v. Poirier*, No. 18-cv-00880-NYW, 2019 U.S. Dist. LEXIS 112641 (D. Colo. July 8, 2019) ................................................................................................................. 7

*Recursion Software, Inc. v. Interactive Intelligence, Inc.*, No. 3:03-CV-2711-B (BH), 2010 U.S. Dist. LEXIS 113827 (N.D. Tex. Oct. 19, 2010) ........................................................ 8

*Sanchez v. Khbjr Enters*. LLC, No. 5:17-CV-811-DAE, 2018 U.S. Dist. LEXIS 230166 (W.D. Tex. Apr. 12, 2018) ................................................................................................................. 4

*Sekil v. ADT Sec. Servs., Inc.*, No. H-08-0510, 2008 U.S. Dist. LEXIS 88926 (S.D. Tex. Nov. 3, 2008) ...................................................................................................................... 10

*SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Eur. GmbH*, 839 F.3d 422 (5th Cir. 2016) ............................................................................................................................................. 5

*Smith v. EMC Corp*., 393 F.3d 590 (5th Cir. 2004) ................................................................... 5, 8

*Stripling v. Jordan Prod. Co*., 234 F.3d 863 (5th Cir. 2000) ................................................... 5, 10

*Swierkiewicz v. Sorema N.A*., 534 U.S. 506 (2002) ............................................................... 12, 13

*Thomas v. Hughes*, No. 5:16-cv-951-DAE, 2018 U.S. Dist. LEXIS 146464 (W.D. Tex. Feb. 22, 2018) ................................................................................................................................ 5, 7, 8

*Velasquez v. WCA Mgmt. Co., L.P.*, No. 4:15-CV-02329, 2016 U.S. Dist. LEXIS 112441 (S.D. Tex. Aug. 23, 2016) ....................................................................................................... 9

*Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977 (1988) ............................................................ 12

*Young v. Vannerson*, 612 F. Supp. 2d 829 (S.D. Tex. 2009) ....................................................... 6

**Rules**

Fed. R. Civ. P. 15 ...................................................................................................................... 1, 4

Fed. R. Civ. P. 16 ........................................................................................................................... 4

**Treatises**

5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004) ..................................................................................... 11

## PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs James Phillips and Robert Saemian hereby move for leave to amend the complaint to add four additional Named Plaintiffs, Gregory MacLean, Rick Valles, Ardeshir Pezeshki, and James Gibbs, who will assert the same pattern or practice and disparate impact claims as the current Named Plaintiffs, to add a terminations claim for Mr. Phillips, and to add additional factual detail to their pattern or practice and disparate impact claims. The proposed Amended Complaint is attached as Exhibit A.

Plaintiffs emailed Wipro a copy of their proposed Amended Complaint on November 6, asking if Wipro would stipulate to the proposed amended complaint. Wipro responded on November 25, stating that it would oppose the proposed amended complaint but without giving any reason for its opposition.

As discussed further below, the Court should grant Plaintiffs' motion. Leave to amend "should [be] freely give[n,]" Fed. R. Civ. P. 15(a)(2). Plaintiffs' proposed amendment is timely and will not cause undue delay, particularly considering that Wipro's reticence to produce class-wide discovery has precluded the entry of a case schedule. Nor will the proposed amendment cause undue prejudice.  Each of the proposed new Plaintiffs submitted a declaration in this matter in April 2019, and Wipro has produced documents and issued discovery concerning these individuals. Finally, allowing the amendment will promote efficiency, as Wipro's position, if accepted, would result in it defending two class action lawsuits that challenge the very same discriminatory practices rather than one.

I.      **BACKGROUND**

Plaintiffs bring this class action[1] against Wipro advancing pattern or practice and disparate impact claims to remedy pervasive, ongoing race and national origin discrimination in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Proposed Am. Compl. ¶ 2 (Ex. A). Wipro is an Indian company that provides information technology and services to clients in the U.S. *Id.* ¶ 1. It employs about 14,000 individuals in the U.S. *Id.* ¶ 1.

Plaintiffs allege that Wipro intentionally discriminates against non-Indians by (1) systematically obtaining H-1B, L-1A, L-1B, and B-1 visas for its Indian employees who are then given priority for U.S. positions, (2) giving preference to Indian applicants located in the U.S. for U.S. positions, (3) giving preference to Indian employees in appraisal and promotion decisions, and (4) terminating non-Indian employees at dramatically higher rates than their Indian colleagues. *Id.* ¶¶ 18-24. Plaintiffs also allege that Wipro's visa, workforce allocation, appraisal and promotion, and benching and termination practices result in a disparate impact against non-Indians in violation of Title VII. *Id.* ¶ 25.

Wipro's discrimination has been effective. While Indians make-up only about 12% of the relevant labor market, approximately 80% or more of Wipro's U.S. workforce is Indian. *Id.* ¶¶ 1.

The initial Complaint was filed on December 1, 2017, and the case was transferred to this District on March 14, 2018. *See* Compl., ECF No. 1; Order (Mar. 14, 2018), ECF No. 25. Wipro

---

[1] Plaintiffs advance three classes: a class of non-Indians Wipro failed to hire, a class of non-Indian employees Wipro failed to promote, and a class of non-Indians Wipro terminated. Proposed Am. Compl. ¶ 87.

answered the Complaint and did not move to dismiss.[2] *See* Answer, ECF No. 15. No scheduling order has been set in the case, and discovery is still in its early stages.

Plaintiffs now seek to amend the Complaint to add Gregory MacLean, Rick Valles, Ardeshir Pezeshki, and James Gibbs as Named Plaintiffs asserting the same claims as the current Named Plaintiffs. Mssrs. MacLean, Valles, Pezeshki, and Gibbs are skilled information technology professionals who worked for Wipro between 2011 and 2019. *See* Proposed Am. Compl. ¶¶ 51, 53, 57, 61, 63, 65, 69, 70, 75, 77-78, 83 (Ex. A). Each individual was the victim of the same discriminatory practices as those challenged by Plaintiffs Phillips and Saemian. For example, Mssrs. MacLean, Valles, and Pezeshki were each removed from their project servicing a Wipro client, placed in an unallocated status referred to as being on the "bench," passed over for open positions while on the bench, and eventually terminated by Wipro. *Id.* ¶¶ 54-57, 63-65, 74-76. Mr. Gibbs was routinely subjected to a hostile work environment by Wipro where, in an attempt to get rid of Mr. Gibbs, the company required him to work 70-80 hours per week and quadrupled his sales and margin quotas to unrealistic levels. *Id.* ¶ 82. Mr. Gibbs was forced to resign as a result of this discriminatory conduct and was quickly replaced by an Indian who was promptly promoted. *Id.* ¶¶ 82-84. Similar to Plaintiffs Phillips and Saemian, Wipro never promoted Mssrs. MacLean, Valles, Pezeshki, and Gibbs, despite performing well in their positions. *Id.* ¶¶ 58, 66, 76, 81. And like Plaintiff Phillips who reapplied to Wipro multiple times following his termination, but was not hired, Mr. Valles applied to several IT analyst positions with Wipro

---

[2] Wipro moved for judgment on the pleadings but withdrew that motion. Hr'g Tr. 50:11-17, ECF No. 92.

following his termination, but was never contacted by Wipro regarding his applications, and Wipro did not hire him. *Id.* ¶ 68.

Plaintiffs also seek to add a terminations claim on behalf of Plaintiff Phillips. As alleged in the operative Complaint, Mr. Phillips was terminated from the bench by Wipro in June 2014 as a direct result of Wipro's discriminatory employment practices. *Id.* ¶ 31.

Finally, Plaintiffs seek to add additional detail regarding the operation of Wipro's discriminatory scheme. Specifically, Plaintiffs seek to add additional detail regarding Wipro's discriminatory promotion practices, *id.* ¶ 23, and additional detail regarding Wipro's employment practices that result in a disparate impact on non-Indians, *id.* ¶ 25.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings with leave of the court, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[3] The purpose of this liberal policy towards amendment is to "assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."). "A party may make a Rule 15(a) amendment to add a party to an action." *Brown v. Kastle Sys. of Tex. LLC*,

---

[3] Because no deadline to amend the pleadings has been set by the Court, the applicable standard for Plaintiffs' motion for leave is Rule 15's lenient standard, and not the good cause standard governed by Rule 16. *See* Fed. R. Civ. P. 15(a)(2); Fed. R. Civ. P. 16(b)(4); *Sanchez v. Khbjr Enters. LLC*, No. 5:17-CV-811-DAE, 2018 U.S. Dist. LEXIS 230166, at *4 (W.D. Tex. Apr. 12, 2018) ("Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure.").

4

No. H-08-02888, 2009 U.S. Dist. LEXIS 87270, at *3 (S.D. Tex. Sept. 23, 2009).

Because "the language of [Rule 15] 'evinces a bias in favor of granting leave to amend' . . . [t]he district court must have a 'substantial reason' to deny a request for leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted) (quoting *Chitimacha Tribe of La.*, 690 F.2d at 1162); *see also Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) ("Unless there is a 'substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" (quoting *Dussouy*, 660 F.2d at 598)).

"A district court should 'examine[] five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.'" *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (alteration in original) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that in the absence of these reasons, "the leave sought should, as the rules require, be 'freely given.'").

### III. ARGUMENT

Because each of the relevant factors favors amendment, the Court should grant leave to amend.

**A.   Amendment Is Timely and Will Cause No Undue Delay.**

"The non-moving party has the burden of proving undue delay." *Thomas v. Hughes*, No. 5:16-cv-951-DAE, 2018 U.S. Dist. LEXIS 146464, at *11 (W.D. Tex. Feb. 22, 2018). "Federal courts within the Fifth Circuit have found that there is a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline." *Am. Legend Homes v. Navigators Specialty Ins. Co.*, No. 4:19-cv-00035, 2019 U.S. Dist. LEXIS 191341, *14 (E.D. Tex. Nov. 5, 2019). Where, as here, no deadline for amendment has been set, "that presumption becomes nearly

5

irrebuttable." *Greco v. NFL*, 116 F. Supp. 3d 744, 755 (N.D. Tex. 2015). In making this determination, "[t]he Court must look to the 'procedural posture' of the case to determine whether the delay actually prejudices the nonmovant." *Hebert v. Specialized Envtl. Res., LLC*, No. 12-0071, 2013 U.S. Dist. LEXIS 43452, at *14 (E.D. La. Mar. 27, 2013).

Wipro cannot rebut the presumption of timeliness. While the case has been pending since December 2017, the case remains in its early stages. The Court has not entered a scheduling order, no deadline to amend has passed (or been set), and discovery is in its early stages due to Wipro's reticence to produce class-wide discovery. For instance, Wipro's discovery stonewalling has necessitated a motion to compel (ECF No. 60), a motion seeking the appointment of a discovery master (ECF No. 96), half a dozen letters to the Court, four discovery hearings, and countless letters, emails, and conferences between the parties. And despite being under court order, Wipro has yet even to provide a complete list of its data fields. Nor has it reproduced improperly redacted documents, produced its regularly created reports, produced documents improperly withheld under dubious privilege claims, agreed to Plaintiffs' proposed ESI custodians, or provided witnesses to testify in response to Plaintiffs' November 1 Rule 30(b)(6) deposition notice. Wipro cannot in good faith argue that it has litigated expeditiously.

Courts have repeatedly found no undue delay under similar circumstances. *See Joseph v. La. Dep't of Corr.*, No. 15-0759, 2015 U.S. Dist. LEXIS 134777, at *7 (E.D. La. Oct. 2, 2015) (finding motion to amend "timely filed" when "no scheduling order has been issued in this matter, [and] no deadlines have been set"); *Young v. Vannerson*, 612 F. Supp. 2d 829, 833 n.1 (S.D. Tex. 2009) (granting motion to amend when "[l]imited discovery has been conducted" and "[n]o scheduling order has been entered" in the case.); *Fast Capital Mktg., LLC v. Fast Capital LLC*, No. H-08-2142, 2008 U.S. Dist. LEXIS 103988, at *27 (S.D. Tex. Dec. 24, 2008) (delay when

adding claims "is not 'undue'" when "[n]o scheduling order has been entered and there is no showing of dilatory motive or bad faith").

B. **Plaintiffs Are Not Moving in Bad Faith or With Dilatory Motive.**

The non-moving party has the burden to demonstrate bad faith. *Pac. Specialty Ins. Co. v. Poirier*, No. 18-cv-00880-NYW, 2019 U.S. Dist. LEXIS 112641, at *4 (D. Colo. July 8, 2019). Bad faith may exist where a plaintiff intentionally failed to plead certain facts or theories in an earlier complaint to gain a "tactical advantage." *Thomas*, 2018 U.S. Dist. LEXIS 146464, at *9 (internal quotation marks omitted). "'In such a case, where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate.'" *Id.* at *9-10 (quoting *Dussouy*, 660 F.2d at 599).

Wipro can make no showing that Plaintiffs' First Amended Complaint is motivated by bad faith, dilatory motive, or other improper purpose. First, Plaintiffs seek leave to amend to add four Named Plaintiffs whose existence and factual allegations only came to light after the filing of the initial Complaint, and to add a terminations claim for Plaintiff Phillips, the facts of which were already previously alleged in the Complaint. *See* Pls.' Opp'n to Wipro's Mot. for Phased Discovery at 3-4, ECF No. 68 (citing declarations of Mssrs. MacLean, Valles, Pezeshki, and Gibbs); Compl. ¶ 25, ECF No. 1 (discussing Plaintiff Phillips' benching and subsequent termination by Wipro in June 2014). And as discussed above, no schedule has been set and discovery from Wipro remains in its initial stages. Accordingly, Plaintiffs do not stand to gain an improper "tactical advantage" through amendment, such as avoiding summary judgment at the last minute. *See, e.g.*, *Thomas*, 2018 U.S. Dist. LEXIS 146464, at * 10 ("[I]t does not appear that Plaintiffs waited to file the proposed amendment for tactical reasons, such as to avoid summary judgment . . . ."); *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, No. 3:03-CV-2711-B (BH), 2010 U.S. Dist. LEXIS

7

113827, at *19 (N.D. Tex. Oct. 19, 2010) (finding no bad faith or dilatory motive when "it does not appear that Plaintiff seeks amendment because it believes summary judgment to be imminent").

Second, the proposed amendment promotes efficiency for all involved, especially Wipro, as it will most assuredly face claims by Mssrs. MacLean, Valles, Pezeshki, and Gibbs irrespective of whether this amendment is granted. If forced to file a separate suit, these individuals will assert claims challenging the very same discriminatory practices as those currently at issue in this case. Thus, granting leave to amend will benefit Wipro and promote efficiency as the company will not be required to defend two separate class action suits.

**C.    Plaintiffs Do Not Seek to Cure Deficiencies.**

"Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a [Rule] 15(a) motion is proper." *Joseph*, 2015 U.S. Dist. LEXIS 134777, at *7. Here, Plaintiffs do not seek to cure deficiencies in the Complaint and have not previously amended the Complaint. Accordingly, this factor favors amendment. *Id.* at *8 (noting that amendment is favored when "there has not be been a 'repeated' failure of the Plaintiffs to amend or 'cure' alleged defects in its [sic] pleading"); *Hebert*, 2013 U.S. Dist. LEXIS 43452, at *14 (finding that "there has been no 'repeated' failure of prior amendments to cure the defect in question, and therefore this factor weighs heavily in favor of granting the proposed amendments").

**D.    Amendment Will Not Prejudice Wipro.**

The non-moving party has the burden to demonstrate prejudice. *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016). "In general, a party is prejudiced if an added claim would require the litigants 'to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court.'" *Thomas*, 2018 U.S. Dist. LEXIS 146464, at *14 (alterations in original) (quoting *Smith*, 393 F.3d at 596). "The Fifth Circuit has cautioned that

8

amendments should not be permitted where they would 'fundamentally alter the nature of the case.'" *Joseph*, 2015 U.S. Dist. LEXIS 134777, at *8 (quoting *Hebert*, 2013 U.S. Dist. LEXIS 43452, at *4).

Wipro cannot demonstrate prejudice from Plaintiffs' proposed amendment. The proposed Amended Complaint merely adds detail to Plaintiffs' allegations and additional Named Plaintiffs who assert the same claims as the existing Named Plaintiffs. And Wipro has known of the factual basis for the new Plaintiffs' claims since they submitted declarations in April that largely mirror the new factual allegations in the Amended Complaint. *See* Gibbs Decl., ECF No. 68-2; MacLean Decl., ECF No. 68-5; Pezeshki Decl., ECF No. 68-9; Valles Decl., ECF No. 68-11. In similar circumstances, courts have permitted the addition of up to *twenty-two* additional named plaintiffs. *See Velasquez v. WCA Mgmt. Co., L.P.*, No. 4:15-CV-02329, 2016 U.S. Dist. LEXIS 112441, at *17 (S.D. Tex. Aug. 23, 2016). As the *Velasquez* court explained, there was "no prejudice to [the defendant] by the addition of the twenty-two new party plaintiffs because," as here, "these plaintiffs are not asserting any new claims against [the defendant], and they are part of the same class of individuals that Plaintiffs first proposed to certify in their original complaint." *Id.*

Moreover, as discussed above, this case is still in its early stages. No discovery cut-off has been set, and the parties have already exchanged document discovery regarding the new Plaintiffs. Likewise, Wipro has already taken discovery (including a lengthy deposition) concerning Mr. Phillip's employment with and termination from Wipro. Wipro will have ample time to conduct additional discovery relating to the amendment (if necessary). *Carmack v. Park Cities Healthcare, LLC*, No. 3:16-CV-3500-D, 2017 U.S. Dist. LEXIS 199511, at *4 (N.D. Tex. Dec. 5, 2017) (granting motion to amend when "neither [nonmoving party] has demonstrated that it or she is unable to obtain adequate discovery on [the added] claim before the discovery period ends");

9

*Decorative Ctr. of Houston, L.P. v. Direct Response Publ'ns, Inc.*, 208 F. Supp. 2d 719, 725 (S.D. Tex. 2002) (no undue prejudice when Defendant "has time under the original Docket Control Order's schedule to conduct discovery on any new issues raised in the Amended Complaint").

E.  **Wipro Cannot Demonstrate Futility.**

The non-moving party faces a "substantial burden" in demonstrating futility. *Holoway v. Triola*, No. 97-2216, 1997 U.S. Dist. LEXIS 20566, at *8 (E.D. La. Dec. 22, 1997). An amendment is futile if the modified or added claim would not survive a motion to dismiss. *See Sekil v. ADT Sec. Servs., Inc.*, No. H-08-0510, 2008 U.S. Dist. LEXIS 88926, at *13 (S.D. Tex. Nov. 3, 2008) ("The court should evaluate [plaintiff's] proposed First Amended Complaint under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" (quoting *Stripling*, 234 F.3d at 873). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (second alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Wipro cannot carry its burden. At the motion to dismiss stage, "(1) the complaint is construed in the light most favorable to the plaintiff, (2) its allegations are taken as true, and (3)

10

all reasonable inferences that can be drawn from the pleading are drawn in favor of the pleader." 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004).

Plaintiffs advance pattern or practice and disparate impact claims. Pattern or practice cases proceed in two phases: a "liability" phase, where a plaintiff must prove the existence of the pattern or practice of discrimination, and a "remedial" phase where the defendant may prove it did not discriminate against each individual class member. "At the initial, 'liability' stage of a pattern-or-practice suit" the plaintiff "is not required to offer evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy"; rather, the plaintiff's "burden is to establish a prima facie case that such a policy existed." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360 (1977); *see also id.* at 335 ("The ultimate factual issues are thus simply whether there was a pattern or practice of such disparate treatment and, if so, whether the differences were 'racially premised.'"). If the plaintiff is successful, a "rebuttable presumption" is established that each class member was a victim of the discriminatory policy, and the employer can attempt to rebut this presumption on an individual basis during the "remedial" phase of the case. *Id.* at 359-61 & n.45.

Similarly, a disparate impact claim has three elements: "an employer [1] 'uses' [2] an 'employment practice' [3] that 'causes a disparate impact' on [the basis of race or national origin]." *Lewis v. City of Chi.*, 560 U.S. 205, 213 (2010) (quoting 42 U.S.C. § 2000e-2(k)(1)(A)(i) and holding that § 2000e-2(k)(1)(A)(i) sets forth the elements of a disparate impact claim). The principle difference between a pattern or practice claim and a disparate impact claim is that the disparate impact claim does not require a showing of discriminatory intent. *See Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 987 (1988); *see also Teamsters*, 431 U.S. at 335 n.15.

11

But a plaintiff need not even plead the elements of his prima facie case to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (explaining that "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case," as the prima facie case "operates as a flexible evidentiary standard, [that] should not be transposed into a rigid pleading standard for discrimination cases"). Rather, a plaintiff need only plead the adverse employment action he suffered, that the action was premised on race, national origin, or another protected category, and provide basic background regarding his claim, such as the names and races of individuals involved and relevant dates. *See id.* at 514.[4] Plaintiffs' proposed amendments far surpass this pleading standard, as they only strengthen claims that Wipro elected not to seek to dismiss in the first place.

As alleged in the Amended Complaint: Wipro intentionally discriminates against non-Indians by: (1) systematically obtaining H-1B, L-1A, L-1B, and B-1 visas for its Indian employees who are then given priority for U.S. positions, (2) giving preference to Indian applicants located in the U.S. for U.S. positions, (3) giving preference to Indian employees in appraisal and promotion decisions, and (4) terminating non-Indian employees at dramatically higher rates than their Indian colleagues. Proposed Am. Compl. ¶¶ 18-24 (Ex. A). Plaintiffs also allege that Wipro's visa, workforce allocation, appraisal and promotion, and benching and termination practices result in a disparate impact against non-Indians in violation of Title VII. *Id.* ¶ 25.

The Amended Complaint alleges that each of the new Plaintiffs was a victim of this discrimination. Mssrs. MacLean, Valles, Pezeshki were all discriminatorily terminated. *Id.* ¶¶ 57, 65, 75. Mssrs. MacLean, Valles, Pezeshki, and Gibbs were all discriminatorily denied promotions.

---

[4] *Swierkiewicz* is still good law after *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 569-70 (explaining that the Court's analysis was consistent with *Swierkiewicz*).

*Id.* ¶¶ 58, 66, 76, 81. And Mr. Valles was discriminatorily denied a position when he reapplied to Wipro following his termination. *Id.* ¶ 68. Each new Plaintiffs also pleads substantial additional context, including the relevant dates and the identifies of relevant decisions-makers and colleagues involved. *See generally id.* ¶¶ 51-86.

The Amended Complaint therefore far surpasses the liberal pleading standard, *Swierkiewicz*, 534 U.S. at 514, and amendment is not futile.

## IV. <u>CONCLUSION</u>

Because no ground exists to deny amendment, Plaintiffs respectfully request that the Court grant their Motion for Leave to File First Amended Complaint.

Dated: November 26, 2019

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low (*pro hac vice*)
Michael von Klemperer
    (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
Amy Roller (*pro hac vice*)
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Facsimile: (202) 280-1128

Dwaine M. Massey
State Bar No. 00791199
Federal Bar No. 18418
MASSEY LAW FIRM PLLC
601 Sawyer St., Suite 225
Houston, TX 77007
Telephone:  (713) 223-1550
Facsimile:   (713) 588-8437

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated:  November 26, 2019

By: /s/Daniel Kotchen
Daniel Kotchen

14