Stephanie L. Silvano (New Jersey Bar No. 168182016)
Grace E. Hart (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Greta B. Williams (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036-5306
Tel: (202) 955-8500
Fax: (202) 467-0539

Heather L. Richardson (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071-3197
Tel:  (213) 229-7000
Fax: (213) 229-7520

*Attorneys for Defendant Wipro Limited*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GREGORY MACLEAN, RICK VALLES, ARDESHIR PEZESHKI, JAMES GIBBS, and RONALD HEMENWAY, *individually and in their representative capacities*, <br><br> Plaintiffs, <br><br> v. <br><br> WIPRO LIMITED, <br><br> Defendant. | **Civil Action 3:20-cv-3414 (FLW) (LHG)** <br><br> Motion Day: August 3, 2020 <br><br> Oral Argument Requested <br><br> Document Electronically Filed |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OR,
IN THE ALTERNATIVE, TO STAY AND TO STRIKE CLASS ALLEGATIONS**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT ...................................................................................................... 2

    I.    The Court Should Dismiss Plaintiffs' Claims, or Stay This Case, Under the First-Filed Rule ............................................................................ 2

    II.    Plaintiffs' Claims Are Largely Time-Barred ......................................... 4

    III.    Plaintiffs' Claims Suffer From A Host of Independent Legal Defects and Warrant Dismissal ......................................................................... 7

    IV.    Plaintiffs Lack Standing to Pursue Claims for Prospective Relief for Themselves or on Behalf of A Putative Class ..................................... 11

CONCLUSION ................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ackie v. Philadelphia Gas Works*,
  2020 WL 509167 (E.D. Pa. Jan. 31, 2020)................................................................8

*American Pipe & Construction Co. v. Utah*,
  414 U.S. 538 (1974)........................................................................................6

*Blake v. Bronx Lebanon Hosp. Ctr.*,
  2003 WL 21910867 (S.D.N.Y. Aug. 11, 2003).........................................................10

*Blake v. JP Morgan Chase Bank, N.A.*,
  2018 WL 1518613 (E.D. Pa. Mar. 28, 2018)............................................................7

*Bratek v. TD Bank, N.A.*,
  2012 WL 603299 (D.N.J. Feb. 22, 2012) ................................................................9

*Castellane-Jaconetta v. Fornoro*,
  2020 WL 1329905 (D.N.J. Mar. 23, 2020)..............................................................5

*Chavez v. Dole Food Co.*,
  836 F.3d 205 (3d Cir. 2016) ...............................................................................4

*Chen-Oster v. Goldman Sachs & Co.*,
  251 F. Supp. 3d 579 (S.D.N.Y. 2017)..................................................................11

*China Agritech, Inc. v. Resh*,
  138 S.Ct. 1800 (2018)................................................................................4, 6, 7

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013)......................................................................................11

*Cooper v. Fed. Reserve Bank of Richmond*,
  467 U.S. 867 (1984).....................................................................................10

*Courtney v. La Salle Univ.*,
  124 F.3d 499 (3d Cir. 1997).............................................................................5

*Dixon v. Elizabeth Bd. of Educ.*,
  2010 WL 1742214 (D.N.J. Apr. 27, 2010) ...............................................................5

*EEOC v. Univ. of Pa.*,
  850 F.2d 969 (3d Cir. 1988)..............................................................................2

## TABLE OF AUTHORITIES *(continued)*

Page(s)

*In re Hanford Nuclear Reservation Litig.*,
534 F.3d 986 (9th Cir. 2008) ....................................................................6

*Hashem v. Hunterdon Cty.*,
2016 WL 5539590 (D.N.J. Sept. 29, 2016) ...............................................8

*Ingram v. Vanguard Grp., Inc.*,
2015 WL 4394274 (E.D. Pa. July 17, 2015)...............................................9

*Innova Hospital San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*,
892 F.3d 719 (5th Cir. 2018) .....................................................................9

*Jones v. Eagle Industrial Hygiene Associates*,
2004 WL 1576652 (E.D. Pa. July 14, 2004) ..............................................5

*Knox v. PPG Indus., Inc.*,
2016 WL 279004 (W.D. Pa. Jan. 22, 2016)............................................9, 10

*McNeil v. Greyhound Lines, Inc.*,
982 F. Supp. 2d 447 (E.D. Pa. 2013) ......................................................8, 10

*Meacham v. Knolls Atomic Power Lab.*,
554 U.S. 84 (2008)......................................................................................8

*Miller v. Glen Mills Schs.*,
2019 WL 6877176 (D.N.J. Dec. 17, 2019)...............................................12

*O.P. Schuman & Sons, Inc. v. DJM Advisory Grp., LLC*,
2017 WL 634069 (E.D. Pa. Feb. 16, 2017)............................................3, 4

*Pai v. Reynolds Foil, Inc.*,
2010 WL 1816256 (D.N.J. May 5, 2010)................................................2, 3

*Petruska v. Reckitt Benckiser, LLC*,
2015 WL 1421908 (D.N.J. Mar. 26, 2015)............................................10, 11

*PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co.*,
2009 WL 2326750 (E.D. Pa. July 28, 2009) .............................................2

*Ponzio v. Mercedes-Benz USA, LLC*,
2020 WL 1183733 (D.N.J. Mar. 11, 2020)...............................................12

*Ramsgate Court Townhome Ass'n v. West Chester Borough*,
313 F.3d 157 (3d Cir. 2002)......................................................................12

## TABLE OF AUTHORITIES *(continued)*

Page(s)

*Rauceo v. Philadelphia Gas Works*,
    2020 WL 550613 (E.D. Pa. Feb. 3, 2020) ..................................................................9

*Rosenau v. Unifund*,
    539 F.3d 218 (3d Cir. 2008) ........................................................................................9

*Schultz v. Midland Credit Mgmt., Inc.*,
    2019 WL 2083302 (D.N.J. May 13, 2019)...................................................................7

*State Farm Mut. Auto. Ins. Co. v. Boellstorff*,
    540 F.3d 1223 (10th Cir. 2008) ...................................................................................6

*Swetra v. Directv, LLC*,
    2016 WL 4208440 (D.N.J. Aug. 9, 2016) ...................................................................3

*Sztroin v. PennWest Indus. Truck, LLC*,
    2017 WL 4355575 (W.D. Pa. Oct. 2, 2017) ................................................................8

*Thomas v. Corr. Med. Servs., Inc.*,
    2009 WL 737105 (D.N.J. Mar. 17, 2009)....................................................................6

*Tucker v. Gonzales*,
    2005 WL 2385844 (S.D.N.Y. Sept. 27, 2005)...........................................................11

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)....................................................................................................11

*Weitzner v. Sanofi Pasteur Inc.*,
    909 F.3d 604 (3d Cir. 2018)......................................................................................6, 7

*White v. Smiths Detection*,
    2013 WL 1845072 (D.N.J. Apr. 30, 2013) ................................................................10

*In re WorldCom Sec. Litig.*,
    496 F.3d 245 (2d Cir. 2007) ........................................................................................6

*Worthington v. Bayer Healthcare, LLC*,
    2012 WL 1079716 (D.N.J. Mar. 30, 2012)..................................................................3

## PRELIMINARY STATEMENT

Plaintiffs' opposition is most notable for what they do not dispute:  that their lawsuit is a carbon copy of a putative class action that has been pending in the Southern District of Texas for over two years, that all four factors courts consider in determining whether the first-filed rule applies are satisfied, that the bulk of Plaintiffs' claims were filed outside the applicable statute of limitations, and that Plaintiffs fail to allege facts suggesting that a discriminatory motive was the "but for" cause or "motivating factor" of the adverse employment actions that Plaintiffs claim to have experienced, as required under Section 1981 and Title VII, respectively.  This litany of fatal deficiencies dooms Plaintiffs' claims.

Plaintiffs' strained attempts to salvage their claims fall flat.  Plaintiffs ask this Court to exercise its discretion to decline to apply the first-filed rule, but give this Court no legitimate reason not to apply the rule—to be sure, Plaintiffs' attempt to argue bad faith on Wipro's part is unavailing, particularly given Plaintiffs' gamesmanship and forum shopping.  *See* Defendant's Motion to Dismiss ("Mot.") at 12–13.  Plaintiffs also cannot rely on equitable tolling or *American Pipe* tolling to save their untimely claims:  MacLean fails to show extraordinary circumstances that warrant equitable tolling of his Title VII claims, and Plaintiffs cannot overcome the clear case law in this District holding that *American Pipe* tolling does not benefit plaintiffs who file an independent action *before* a decision on class certification.  Even if the Court could look past the first-filed rule and the statute of limitations, Plaintiffs' claims still warrant dismissal for failure to exhaust and failure to state a claim.  Plaintiffs rely on out-of-circuit case law to ask this Court to lower the standard for exhausting and pleading their deficient disparate impact claims.  Plaintiffs also fail to address the complete lack of factual allegations linking the alleged adverse employment actions to any purportedly discriminatory treatment, and their attempt to recast their disparate treatment claims as pattern-or-practice claims does not pass muster as a matter of law.

For these reasons, the Amended Complaint should be dismissed with prejudice. In the alternative, the Court should stay this action pending final resolution of the first-filed *Phillips* action and strike class allegations seeking prospective and injunctive relief.

## ARGUMENT

I.     **The Court Should Dismiss Plaintiffs' Claims, or Stay This Case, Under the First-Filed Rule**

Plaintiffs do not, and cannot, dispute that this action involves the same subject matter, issues, claims, and parties as the first-filed *Phillips* action. Mot. at 10–12. Plaintiffs instead side-step and urge this Court to exercise its discretion to decline to apply the first-filed rule. Opposition Brief ("Opp.") at 5–8. However, "[a] Court should only depart from the first-filed rule in cases of unusual or exceptional circumstances," such as "instances of bath faith, forum shopping, or when the first filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable forum." *Pai v. Reynolds Foil, Inc.*, 2010 WL 1816256, at *3 (D.N.J. May 5, 2010). Plaintiffs have failed to meet their "burden of demonstrating an exception to the [first-filed] rule that warrants the Court's departure from it." *Id.* at *4.

*First*, Plaintiffs' argument that the first-filed rule should not apply due to Wipro's supposed "bad faith" or "gamesmanship" fails at the outset. Opp. at 5–6. Plaintiffs contend that the first-filed rule should not apply because Wipro has opposed class certification in *Phillips* and argued that the *Phillips* plaintiffs are inadequate class representatives. *Id.* But Plaintiffs do not cite any cases in which courts have declined to apply the first-filed rule on these grounds[1]—to the contrary,

---

[1] Plaintiffs rely on cases in which the first-filed rule did not apply because the first case was filed to preempt an unfavorable ruling in another jurisdiction. *See EEOC v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988); *PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2009 WL 2326750, at *6 (E.D. Pa. July 28, 2009) (both cited at Opp. 5). These cases are inapposite here because *Phillips* was filed more than two years before this action and was not filed to preempt an unfavorable ruling in this Court.

courts have *rejected* this very argument. *See, e.g.*, *O.P. Schuman & Sons, Inc. v. DJM Advisory Grp., LLC*, 2017 WL 634069, *3 (E.D. Pa. Feb. 16, 2017) (applying first-filed rule and rejecting argument that the rule should not apply because "Defendants have opposed class certification in the [first-filed] action").   The "bad faith exception" instead applies where the party seeking to invoke the first-filed rule filed the first action in order to preempt an unfavorable ruling in another court. *Pai*, 2010 WL 1816256, at *5.   This exception is plainly inapplicable here, as Wipro did not *choose* to be sued in *Phillips*, and in any event, *Phillips* was not filed to preempt an unfavorable ruling in this Court. *See Worthington v. Bayer Healthcare, LLC*, 2012 WL 1079716, at *7–8 (D.N.J. Mar. 30, 2012) (dismissing class action under first-filed rule and rejecting argument that defendant "is attempting to . . . plaintiff shop").   Plaintiffs' attempt to expand the bad faith exception should be rejected:  under Plaintiffs' reasoning, the first-filed rule would not apply whenever a defendant opposes class certification or challenges the adequacy of the class representatives in the first-filed action, and the exception would thus swallow the rule.

*Second*, Wipro has not taken "contradictory positions" in this action and in *Phillips*.   Opp. at 7.   Indeed, Wipro has not taken any position in this litigation on whether the *Phillips* class should be certified or whether the *Phillips* plaintiffs are adequate class representatives.[2]   Further, this Court need not "speculate as to how the [*Phillips*] litigation may proceed" in order to apply the first-filed rule. *O.P. Schuman*, 2017 WL 634069, at *3.   The first-filed rule is designed to "avoid burdening the federal judiciary" and to avoid "conflicting judgments." *Worthington*, 2012 WL

---

[2] *Swetra v. Directv, LLC*, 2016 WL 4208440 (D.N.J. Aug. 9, 2016) (cited at Opp. 7) is distinguishable.   The *Swetra* court declined to apply the first-filed rule, in part because the defendant took "contrary" positions by arguing against class certification in the first-filed action, but arguing in the second-filed action that the plaintiff's individual claim was subsumed in the class action. *Id.* at *3–5.   However, the *Swetra* court's reasoning relied on the fact that the second-filed action was an individual claim, and the court distinguished cases involving "overlapping proposed class actions" where the first-filed rule applied. *Id.* at *3.

1079716, at *3.  It is undisputed that the plaintiffs in this action and in *Phillips* filed identical claims under Title VII and Section 1981 on behalf of the exact same putative nationwide class of employees.  Mot. at 10–12.  Accordingly, "[r]ather than having two district courts decide class certification" for identical proposed classes, a "single court"—the first-filed court—should decide the issue to promote "comity and consistency."  *O.P. Schuman*, 2017 WL 634069, at *3.

*Third*, Plaintiffs' argument that "the equities favor not applying the 'first-filed' rule," Opp. at 7, rests on a misreading of *China Agritech, Inc. v. Resh*, 138 S.Ct. 1800 (2018).  In *China Agritech*, the Supreme Court held that *American Pipe* tolling does not extend to "successive class actions," but did not address the first-filed rule.  138 S.Ct. at 1811.  And contrary to Plaintiffs' claim that the Supreme Court endorsed a "multiplicity" of class action filings, Opp. at 7, the Court, in fact, emphasized that "district courts have ample tools at their disposal to manage" multiple class action filings, "including the ability to stay, consolidate, or transfer proceedings."  *China Agritech*, 138 S.Ct. at 1811.  The first-filed rule is exactly this type of case-management tool.

*Fourth*, judicial economy and the likelihood of inconsistent judgments also strongly favor dismissal of this action.  In arguing that dismissal is not warranted, Plaintiffs rely solely on broad dicta from *Chavez v. Dole Food Co.*, 836 F.3d 205 (3d Cir. 2016) (cited at Opp. 8).  But unlike the *Chavez* plaintiffs, who faced complex jurisdictional hurdles in their first filed action, *id.* at 221–22, the *Phillips* court has already accepted jurisdiction of the first-filed class action and Plaintiffs would be included in any class that the *Phillips* plaintiffs seek to certify.  Mot. at 11–12.  Plaintiffs are thus not in danger of "not be[ing] heard by another court," and their insistence on pursuing a wholly duplicative action in this Court is the kind of "vexatious" litigation for which *Chavez* specifically reserved dismissal with prejudice.  *Chavez*, 836 F.3d at 220, 221; Mot. at 12–13.

## II.  Plaintiffs' Claims Are Largely Time-Barred

Plaintiffs do not dispute, and thereby concede, that Valles', Pezeshki's, Gibbs' and

MacLean's Title VII claims, and Valles' and Gibbs' Section 1981 claims are untimely under Title VII's 300-day statute of limitations and Section 1981's four-year statute of limitations. Mot. at 15–17. Plaintiffs thus acknowledge that these claims survive only if tolling applies, and contend that MacLean's Title VII claim was equitably tolled and that their Title VII and Section 1981 claims were tolled under *American Pipe*. Neither argument has merit.

**Equitable Tolling.** MacLean's Title VII claims were not equitably tolled during the pendency of the motion to amend to add MacLean as a plaintiff in *Phillips*. Opp. at 9. Equitable tolling is an "extraordinary remedy which should be used sparingly," *Dixon v. Elizabeth Bd. of Educ.*, 2010 WL 1742214, at *4 (D.N.J. Apr. 27, 2010), and MacLean fails to meet his burden of proving that this doctrine applies, *see Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997). MacLean does not assert that Wipro "misled" him with respect to his claim, or that "extraordinary circumstance[s]" prevented him from timely asserting his claim. *Dixon*, 2010 WL 1742214, at *4.[3] And the one basis for equitable tolling that MacLean does mention—filing "mistakenly in the wrong forum"—is inapposite. Opp. at 9. This case "is not one where it is apparent that [MacLean] actively sought to file a Federal EEOC charge, but erroneously and timely filed such a charge in the wrong forum." *Castellane-Jaconetta v. Fornoro*, 2020 WL 1329905, at *6 (D.N.J. Mar. 23, 2020) (concluding that equitable tolling is not applicable). MacLean instead sought to intervene in *Phillips*, rather than filing a timely EEOC charge, which reflects his mere "fail[ure] to exercise sufficient due diligence to ascertain . . . the steps necessary to preserve" his Title VII claim and does not provide a basis for equitable tolling. *Id.*

---

[3] Plaintiffs' reliance on *Jones v. Eagle Industrial Hygiene Associates*, 2004 WL 1576652 (E.D. Pa. July 14, 2004) (cited at Opp. 9 n.3) is misplaced. The *Jones* court applied equitable tolling on the grounds that the EEOC conceded that it neglected to mail the plaintiffs' paperwork—an "extraordinary" circumstance beyond the plaintiff's control. *Id.* at *1–2.

*American Pipe Tolling.*  The filing of the class action complaint in *Phillips* on December 1, 2017 did not toll the statute of limitations for Plaintiffs' claims under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).  *American Pipe* "addressed only putative class members who wish to sue individually after a class-certification denial," *China Agritech*, 138 S.Ct. at 1806, and the *Phillips* court has not issued a decision on class certification.  The case law in this District is clear that where, as here, plaintiffs elect to file an independent action before a decision on class certification, those plaintiffs surrender the benefits of *American Pipe* tolling.  Mot. at 18 (collecting cases).[4]  Plaintiffs' attempt to distinguish these cases on the grounds that they have "not opted-out of the [*Phillips* action]" misses the mark.  Opp. at 10.  Courts in this District have held that "a plaintiff who chooses to file an independent action without waiting for a determination on the class certification issue may not rely on" *American Pipe* tolling, and have not limited this rule to cases where plaintiffs have opted out of a class action.  *Thomas v. Corr. Med. Servs., Inc.*, 2009 WL 737105, at *4 (D.N.J. Mar. 17, 2009); *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 610 (3d Cir. 2018) ("*American Pipe* is designed to protect individual claims filed after the denial of class

---

[4]  The out-of-jurisdiction cases that Plaintiffs cite are inapposite.  *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1008–09 (9th Cir. 2008); *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1230–32 (10th Cir. 2008); and *In re WorldCom Sec. Litig.*, 496 F.3d 245, 254 (2d Cir. 2007) (all cited at Opp. at 10 n.4) each rely on *American Pipe*'s assertion that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."  414 U.S. at 554.  But *American Pipe* discussed tolling only with respect to class members who filed lawsuits after the denial of class certification, 414 U.S. at 552–53, and the above-mentioned cases were all decided before *China Agritech* clarified the purpose of *American Pipe* tolling and refused to expand the doctrine beyond its application to putative class members pursuing individual actions "after a class-certification denial."  *China Agritech*, 138 S.Ct. at 1806, 1811.  The Middle and Eastern District of Pennsylvania cases that Plaintiffs cite, Opp. at 10, follow the flawed reasoning in *Hanford*, *State Farm*, and *Worldcom,* and pre-date, or fail to account for, the Supreme Court's decision in *China Agritech*.

certification."). *American Pipe* tolling thus does not apply to Plaintiffs' individual claims.[5]

*American Pipe* tolling also does not apply to Valles' Pezeshki's, Gibbs', and MacLean's Title VII class claims and Valles' and Gibbs' Section 1981 class claims.  In *China Agritech*, the Supreme Court held that *American Pipe* tolling does not apply to "a follow-on class action past [the] expiration of the statute of limitations."  138 S.Ct. at 1804; *see Weitzner*, 909 F.3d at 609–10.  Although Plaintiffs attempt to limit *China Agritech*'s holding to cases "whe[re] a denial of class certification is followed by a new class action," Opp. at 11, courts in the Third Circuit have held that *American Pipe* tolling does not extend to "subsequent class action suits filed prior to the resolution of class certification."  *Blake v. JP Morgan Chase Bank, N.A.*, 2018 WL 1518613, at *8 (E.D. Pa. Mar. 28, 2018), *aff'd*, 927 F.3d 701, 710 (3d Cir. 2019) (a timely class action "never" tolls its purported class members' class claims).  Because Plaintiffs filed this putative class action prior to the resolution of class certification in *Phillips*, Plaintiffs' class claims are not subject to *American Pipe* tolling and remain untimely.[6]  *See id.*  Further, it is not "premature" to determine the timeliness of Plaintiffs' class claims, Opp. at 10–11—indeed, the Supreme Court in *China Agritech* and the Third Circuit in *Blake* held that class claims were untimely at the motion to dismiss stage.  *See China Agritech*, 138 S.Ct. at 1805–06; *Blake*, 927 F.3d at 705, 709–10.

## III.  Plaintiffs' Claims Suffer From A Host of Independent Legal Defects and Warrant Dismissal

In addition to the foregoing defects, Plaintiffs' disparate impact and disparate treatment

---

[5]  Plaintiffs do not dispute that the *Phillips* complaint was filed more than 300 days after the last allegedly discriminatory act concerning Valles or Gibbs.  Mot. at 18 n.8.  Therefore, even if *American Pipe* tolling applies, Valles' and Gibbs' Title VII claims remain time-barred.

[6]  Plaintiffs' reliance on *Schultz v. Midland Credit Mgmt., Inc.*, 2019 WL 2083302 (D.N.J. May 13, 2019) (cited at Opp. 11) is misplaced.  The court in *Schultz* held that a "class member seeking to join [an] ongoing putative class action as a class representative following the expiration of the statute of limitations" was entitled to *American Pipe* tolling, but did not address whether *American Pipe* tolling applies to a successive class action.  *Id.* at *9.

claims should be dismissed for several, independent reasons.

***Disparate Impact.***  Plaintiffs contend that Wipro has improperly raised the bar for exhausting and pleading their claims by requiring them to allege the existence of a specific, facially neutral practice that caused a disparate impact.  Opp. at 13–14.  Plaintiffs rely on out-of-circuit cases, and ignore the clear case law in this Circuit which requires a plaintiff alleging a disparate impact claim under Title VII to identify a "specific employment practice" that is "neutral on its face" and "caus[es] a substantial adverse impact on a protected group."  *Hashem v. Hunterdon Cty.*, 2016 WL 5539590, at *14 (D.N.J. Sept. 29, 2016) (Wolfson, J.); *see McNeil v. Greyhound Lines, Inc.*, 982 F. Supp. 2d 447, 451 (E.D. Pa. 2013) (dismissing Title VII disparate impact claim because plaintiff "fails to identify a facially gender-neutral employment practice").[7]

Plaintiffs' allegations relating to disparate impact—both in their EEOC charges and here— do not meet this bar.  Plaintiffs fail to explain why their challenges to Wipro's "hiring and staffing decision-making process, as a whole," "appraisal and promotion practice," and "employee-allocation practices," Am. Compl. ¶ 24; *see* Exs. B–F ¶ 16, constitute "specific" employment practices, as opposed to generalized policies.[8]  Instead, Plaintiffs assert that they are "not required" to allege the employment practices underlying their disparate impact claims with more specificity because "the relevant information is within Wipro's sole possession and control."  Opp. at 14.  But Plaintiffs' cases are inapposite, and Plaintiffs do not cite any cases holding that a disparate impact

---

[7]  The requirement to identify a "specific employment practice[]" is not limited to claims under the Age Discrimination in Employment Act ("ADEA").  *See* Opp. at 12.  Although "disparate impact liability . . . [is] narrower in ADEA cases than under Title VII," *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 98 (2008), courts in this Circuit require plaintiffs alleging a Title VII disparate impact claim to identify a "specific employment practice," *see, e.g.*, *Ackie v. Philadelphia Gas Works*, 2020 WL 509167, at *2 (E.D. Pa. Jan. 31, 2020); *Sztroin v. PennWest Indus. Truck, LLC*, 2017 WL 4355575, at *7–8 (W.D. Pa. Oct. 2, 2017).
[8]  All exhibits refer to those attached to the Declaration of Grace E. Hart.  *See* Dkt. 11-2.

claim is exhausted or adequately alleged where the plaintiff fails to identify a specific employment practice.[9]  To the contrary, courts routinely hold that generalized policies, like the challenged practices here, are insufficient to exhaust or plead a disparate impact claim.  *See, e.g.*, *Knox v. PPG Indus., Inc.*, 2016 WL 279004, at *6–7 (W.D. Pa. Jan. 22, 2016).

Plaintiffs' attempt to recast their theory of Wipro's purported practices of applying for visas and affording preferential treatment toward visa holders as a theory of disparate impact is equally insufficient.  Opp. at 15.  Indeed, Plaintiffs allege that "[t]o fulfill its *employment preferences* for South Asians and Indians, Wipro seeks to maximize the number of visas it receives each year," "[a]ll or substantially all, of the individuals for whom Wipro secures visas are South Asian Indian," and "visa-ready individuals are given preference" for "open positions in the U.S." Am. Compl. ¶¶ 19–20 (emphasis added); *see* Exs. B–F ¶¶ 11–12.  Plaintiffs' claim is thus premised on Wipro's alleged implementation of its visa policies "in a deliberately discriminatory fashion," and "is one of *intentional* discrimination—not the result of adverse effects from a facially neutral policy."  *Rauceo v. Philadelphia Gas Works*, 2020 WL 550613, at *3 (E.D. Pa. Feb. 3, 2020). Further, even if disparate treatment and disparate impact may be pled in the alternative and may sometimes overlap, a plaintiff must still satisfy the plausibility requirements for both theories.  *See, e.g.*, *Ingram v. Vanguard Grp., Inc.*, 2015 WL 4394274, at *21 (E.D. Pa. July 17, 2015); *Bratek v. TD Bank, N.A.*, 2012 WL 603299, at *6 (D.N.J. Feb. 22, 2012).

Plaintiffs have also failed to satisfy their burden of alleging causation.  Plaintiffs contend that the alleged statistical disparity in Wipro's workforce is sufficient to state a disparate impact

---

[9]  Plaintiffs rely on *Innova Hospital San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719 (5th Cir. 2018) (cited at Opp. 14), which involved claims of improper reimbursements of health plan benefits under the Employee Retirement Income Security Act, and *Rosenau v. Unifund*, 539 F.3d 218 (3d Cir. 2008) (cited at Opp. 14 n.6), which involved claims under the Fair Debt Collection Practices Act.

claim.  Opp. at 17.  But a plaintiff alleging disparate impact is required to allege a "causal connection" between the challenged practice and the alleged disparate impact.  *McNeil*, 982 F. Supp. 2d at 450.  Courts routinely dismiss disparate impact claims where, as here, the plaintiff fails to plead facts showing how the alleged facially neutral practice "itself caused the [alleged] disparity," *White v. Smiths Detection*, 2013 WL 1845072, at *18 (D.N.J. Apr. 30, 2013); *see Knox*, 2016 WL 279004, at *7; *McNeil*, 982 F. Supp. 2d at 451.  Plaintiffs have failed to make this showing as they have not alleged that Wipro's alleged facially neutral practices (as opposed to the alleged facially discriminatory practices) caused the purported disparity in Wipro's workforce.

> **Disparate Treatment.**  Plaintiffs fail to address the paucity of alleged facts linking the adverse employment action they allegedly experienced to any supposedly discriminatory treatment.  Mot. at 25–29.  The Court cannot infer discriminatory treatment simply because Plaintiffs are not South Asian or Indian and they experienced an adverse employment action— there must be some facts alleged to exclude the possibility that Plaintiffs were simply ineffective at their jobs.  *Id.*  Without those facts, Plaintiffs' disparate treatment claims should be dismissed.

> Plaintiffs instead attempt to recast their deficient disparate treatment claims as pattern-or-practice claims.  However, it is not enough for Plaintiffs to simply "invok[e] the magic words 'pattern' or 'practice'" in their pleading.  *Blake v. Bronx Lebanon Hosp. Ctr.*, 2003 WL 21910867, at *5 (S.D.N.Y. Aug. 11, 2003).  Plaintiffs must instead allege facts to support the conclusion that "discrimination was [Wipro's] standard operating procedure"—a burden that is *higher* than the burden to state an individual disparate treatment claim.  *Petruska v. Reckitt Benckiser, LLC*, 2015 WL 1421908, at *7–8 (D.N.J. Mar. 26, 2015); *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 877–78 (1984) (explaining that it is "clear" that a pattern-or-practice claim "may fail even though discrimination against one or two individuals has been proved").

Plaintiffs cannot meet this burden.  Plaintiffs failed to meet the lower bar to state an individual disparate impact claim as they did not allege facts to support an inference that race or national origin was a "motivating factor," or the "but for" reason, they were allegedly terminated or not hired, re-hired, or promoted.  *See* Mot. at 25–29.  Further, even if Plaintiffs adequately alleged facts suggesting a discriminatory motive of the adverse employment actions they claim to have experienced, this would be, at best, "isolated" or "sporadic" instances of discrimination, which is insufficient to state a pattern-or-practice claim.  *See, e.g.*, *Petruska*, 2015 WL 1421908, at *7–8; *Tucker v. Gonzales*, 2005 WL 2385844, at *5 & n.3 (S.D.N.Y. Sept. 27, 2005).

## IV. Plaintiffs Lack Standing to Pursue Claims for Prospective Relief for Themselves or on Behalf of A Putative Class

To circumvent the basic legal principle that former employees cannot seek prospective relief, *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011), Plaintiffs assert that seeking reinstatement is "enough to establish standing to seek injunctive relief." Opp. at 21.[10]  But reinstatement is a remedial measure, not a form of prospective relief.  And to the extent it could be considered prospective, as *Dukes* itself makes clear, conclusory allegations are not sufficient to establish standing.  564 U.S. at 366 (rejecting request for prospective relief from plaintiffs who also sought reinstatement).  Further, the possibility of Plaintiffs working at Wipro again—and the risks Plaintiffs claim to fear—is too speculative to establish standing.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("allegations of possible future injury" insufficient to seek prospective relief).  It is also not "premature" to assess Plaintiffs' standing to seek prospective relief on behalf of the proposed class, Opp. at 22, as courts routinely decide this issue at the motion

---

[10]  Plaintiffs rely on *Chen-Oster v. Goldman Sachs & Co.*, 251 F. Supp. 3d 579 (S.D.N.Y. 2017), which merely suggested that *Dukes* did not adopt a blanket rule denying standing to former employees seeking reinstatement.  *Id.* at 588–90.  But *Chen-Oster* did not establish a categorical rule that seeking reinstatement confers standing.

to dismiss stage, *see, e.g.*, *Ponzio v. Mercedes-Benz USA, LLC*, 2020 WL 1183733, at \*14 (D.N.J. Mar. 11, 2020); *Miller v. Glen Mills Schs.*, 2019 WL 6877176, at \*5 (D.N.J. Dec. 17, 2019).

## CONCLUSION

For the reasons set forth above and in Wipro's opening brief, the Court should dismiss the Amended Complaint with prejudice, or in the alternative, stay this action pending final resolution of the *Phillips* action and strike class allegations seeking prospective and injunctive relief.[11]

Dated:   July 27, 2020                            Respectfully submitted,

By: */s/ Stephanie L. Silvano*
    Stephanie L. Silvano (SBN 168182016)
    Grace E. Hart (admitted *pro hac vice*)
    GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
    New York, NY 10166-0193
    Tel: (212) 351-4000
    Fax: (212) 351-4035
    SSilvano@gibsondunn.com
    GHart@gibsondunn.com

    Greta B. Williams (admitted *pro hac vice*)
    GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.
    Washington, D.C. 20036-5306
    Tel: (202) 955-8500
    Fax: (202) 467-0539
    GBWilliams@gibsondunn.com

    Heather L. Richardson (admitted *pro hac vice*)
    GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
    Los Angeles, CA 90071-3197
    Tel: (213) 229-7000
    Fax: (213) 229-7520
    HRichardson@gibsondunn.com

    *Attorneys for Defendant Wipro Limited*

---

[11] Plaintiffs should not be afforded any further opportunity to amend their pleading.  Plaintiffs merely tack on a request for leave to amend at the conclusion of their opposition brief, but do not offer *any* basis for this request.  Plaintiffs' request should thus be denied.  *Ramsgate Court Townhome Ass'n v. West Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002).