Stephanie L. Silvano (New Jersey Bar No. 168182016)
Grace E. Hart (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Greta B. Williams (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036-5306
Tel: (202) 955-8500
Fax: (202) 467-0539

Heather L. Richardson (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071-3197
Tel:  (213) 229-7000
Fax: (213) 229-7520

*Attorneys for Defendant Wipro Limited*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GREGORY MACLEAN, RICK VALLES, ARDESHIR PEZESHKI, JAMES GIBBS, and RONALD HEMENWAY, *individually and in their representative capacities*,<br><br>               Plaintiffs,<br><br>     v.<br><br>WIPRO LIMITED,<br><br>            Defendant. | **Civil Action 3:20-cv-3414 (FLW) (LHG)**<br><br>Motion Day: June 21, 2022<br><br>Oral Argument Requested<br><br>Document Electronically Filed |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OR,
<u>IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS</u>**

## TABLE OF CONTENTS

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

    I.    Plaintiffs' Claims Suffer From A Host of Independent Legal Defects and Warrant Dismissal ........................................................................................ 1

        A.    Plaintiffs' Disparate Impact Claims Are Unexhausted and Insufficiently Pleaded ................................................................... 1

        B.    Plaintiffs Fail to State A Claim for Disparate Treatment ......................... 5

    II.    Plaintiffs' Claims Are Largely Time-Barred ....................................................... 8

    III.    Plaintiffs Lack Standing to Pursue Claims for Prospective Relief ..................... 11

CONCLUSION ........................................................................................................................ 12

i

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ackie v. Phila. Gas Works*,
  2020 WL 509167 (E.D. Pa. Jan. 31, 2020) .......................................................2, 3

*Allen v. Sch. Reform Comm'n*,
  2017 WL 467411 (E.D. Pa. Feb. 3, 2017) .................................................................4

*Barzanty v. Verizon PA, Inc.*,
  361 F. App'x 411 (3d Cir. 2010) .............................................................................10

*Santos ex rel. Beato v. U.S.*,
  559 F.3d 189 (3d Cir. 2009) ....................................................................................10

*Bell v. Lockheed Martin Corp.*,
  2010 WL 2666950 (D.N.J. June 23, 2010) ..............................................................10

*Berry v. Jacobs IMC, LLC*,
  99 F. App'x 405 (3d Cir. 2004) .................................................................................7

*Bieregu v. Ashcroft*,
  259 F. Supp. 2d 342 (D.N.J. 2003) ..........................................................................10

*Blake v. Bronx Lebanon Hosp. Ctr.*,
  2003 WL 21910867 (S.D.N.Y. Aug. 11, 2003) .........................................................7

*Bratek v. TD Bank, N.A.*,
  2012 WL 603299 (D.N.J. Feb. 22, 2012) ...................................................................4

*Brown v. Coach Stores, Inc.*,
  163 F.3d 706 (2d Cir. 1998).......................................................................................4

*Castellane-Jaconetta v. Fornoro*,
  2020 WL 1329905 (D.N.J. Mar. 23, 2020).........................................................9, 11

*Celestine v. Petroleos de Venezuella SA*,
  266 F.3d 343 (5th Cir. 2001) ......................................................................................6

*Chen-Oster v. Goldman Sachs & Co.*,
  251 F. Supp. 3d 579 (S.D.N.Y. 2017).......................................................................11

*Chin v. Port Auth. of N.Y. & N.J.*,
  685 F.3d 135 (2d Cir. 2012).......................................................................................7

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

*Cho v. Chao*,
2018 WL 1087499 (D.N.J. Feb. 28, 2018) ...........................................................10

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013)...............................................................................................11

*Comcast Corp. v. National Association of African-American Owned Media*,
140 S. Ct. 1009 (2020)............................................................................................6

*Cooper v. Fed. Reserve Bank of Richmond*,
467 U.S. 867 (1984)................................................................................................7

*Dixon v. Elizabeth Bd. of Educ.*,
2010 WL 1742214 (D.N.J. Apr. 27, 2010) .............................................................9

*Doherty v. Teamsters Pension Trust Fund of Philadelphia*,
16 F.3d 1386 (3d Cir. 1994)..................................................................................10

*Duffy v. Sodexho, Inc.*,
2008 WL 4919399 (E.D. Pa. Nov. 17, 2008) ........................................................7

*Fenton v. Port Auth. of N.Y. & N.J.*,
777 F. App'x 45 (3d Cir. 2019) .............................................................................10

*Fields v. Am. Airlines, Inc.*,
2021 WL 4306021 (E.D. Pa. Sept. 22, 2021) .....................................................2, 3

*Flores v. Predco Services Corp.*,
2011 WL 883640 (D.N.J. Mar. 11, 2011)..............................................................10

*Green v. USX Corp.*,
896 F.2d 801 (3d Cir. 1990)....................................................................................4

*Hashem v. Hunterdon Cty.*,
2016 WL 5539590 (D.N.J. Sept. 29, 2016) ...........................................................2

*Hess v. Sec. Guards, Inc.*,
2003 WL 22271483 (E.D. Pa. Sept. 30, 2003) ......................................................8

*Hohider v. United Parcel Serv., Inc.*,
574 F.3d 169 (3d Cir. 2009)....................................................................................6

*Houle v. Walmart Inc.*,
447 F. Supp. 3d 261 (M.D. Pa. 2020)....................................................................2

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

*Innova Hospital San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*,
   892 F.3d 719 (5th Cir. 2018) ..................................................................................3

*Island Insteel Systems v. Waters*,
   296 F.3d 200 (3d Cir. 2002)..................................................................................10

*Knox v. PPG Indus., Inc.*,
   2016 WL 279004 (W.D. Pa. Jan. 22, 2016)........................................................4, 5

*Kovach v. Turner Dairy Farms, Inc.*,
   929 F. Supp. 2d 477 (W.D. Pa. 2013).....................................................................4

*McIlmail v. Pa.*,
   2018 WL 1071927 (E.D. Pa. Feb. 27, 2018) ........................................................11

*McNeil v. Greyhound Lines, Inc.*,
   982 F. Supp. 2d 447 (E.D. Pa. 2013)....................................................................2, 5

*Meacham v. Knolls Atomic Power Lab.*,
   554 U.S. 84 (2008)...................................................................................................2

*Miller v. Glen Mills Schs.*,
   2019 WL 6877176 (D.N.J. Dec. 17, 2019)............................................................11

*Parisi v. Goldman, Sachs & Co.*,
   710 F.3d 483 (2d Cir. 2013)....................................................................................6

*Petruska v. Reckitt Benckiser, LLC*,
   2015 WL 1421908 (D.N.J. Mar. 26, 2015)..............................................................8

*Ramsgate Ct. Townhome Ass'n v. W. Chester Borough*,
   313 F.3d 157 (3d Cir. 2002)..................................................................................12

*Rauceo v. Phila. Gas Works*,
   2020 WL 550613 (E.D. Pa. Feb. 3, 2020) ..............................................................4

*Roberson v. Post Comm. Real Estate LLC*,
   2015 WL 2118158 (E.D. Pa. May 1, 2015).............................................................7

*Rosenau v. Unifund Corp.*,
   539 F.3d 218 (3d Cir. 2008).....................................................................................3

*Serrano v. Cintas Corp.*,
   699 F.3d 884 (6th Cir. 2012) ...................................................................................6

iv

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

*Sztroin v. PennWest Indus. Truck, LLC*,
2017 WL 4355575 (W.D. Pa. Oct. 2, 2017) ............................................................4

*Thompkins v. Mercy Phila. Hosp.*,
2010 WL 3719099 (E.D. Pa. Sept. 20, 2010) .........................................................2

*Tucker v. Gonzales*,
2005 WL 2385844 (S.D.N.Y. Sept. 27, 2005)........................................................8

*U.S. v. Nobel Learning Communities, Inc.*,
676 F. Supp. 2d 379 (E.D. Pa. 2009) ......................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011).................................................................................................11

*White v. Smiths Detection*,
2013 WL 1845072 (D.N.J. Apr. 30, 2013) .............................................................5

*White v. U.S.*,
2013 WL 5406635 (D.N.J. Sept. 25, 2013) ............................................................9

*Wilson v. Phila. Hous. Auth.*,
2008 WL 699001 (E.D. Pa. Mar. 12, 2008)............................................................4

*Wurtzburger v. Koret*,
2018 WL 2209507 (S.D.N.Y May 11, 2018) .........................................................11

*Yang v. Village Super Market, Inc.*,
2019 WL 1275059 (D.N.J. Mar. 20, 2019)..............................................................9

**Statutes**

42 U.S.C. § 2000e-5...................................................................................................10

## PRELIMINARY STATEMENT

Plaintiffs' opposition confirms this action is nothing more than a misguided attempt to assert untimely claims based on rank speculation and conjecture.  These fatal deficiencies require dismissal, and Plaintiffs' strained attempts to salvage their reverse discrimination claims fall flat.  Plaintiffs rely on out-of-circuit case law to ask this Court to lower the standard for exhausting and pleading their deficient disparate impact claims.  Plaintiffs also fail to address the complete lack of factual allegations linking any alleged adverse employment actions to any purportedly discriminatory treatment, and their attempt to recast their disparate treatment claims under a pattern-or-practice theory does not pass muster as a matter of law.  Even if the Court could look past these fatal deficiencies in Plaintiffs' claims, Plaintiffs concede many of their claims are time-barred.  Plaintiffs cannot rely on *American Pipe* or equitable tolling to save their untimely claims: *American Pipe* tolling does not apply to Plaintiffs' untimely class claims, and MacLean fails to show extraordinary circumstances that warrant equitable tolling of his Title VII claims.

For these reasons, the Amended Complaint should be dismissed with prejudice.

## ARGUMENT

**I.    Plaintiffs' Claims Suffer From A Host of Independent Legal Defects and Warrant Dismissal**

### A.  Plaintiffs' Disparate Impact Claims Are Unexhausted and Insufficiently Pleaded

Plaintiffs' disparate impact claims are unexhausted and insufficiently pleaded because neither Plaintiffs' EEOC charges nor Amended Complaint identify a specific, facially neutral practice that caused a purportedly disparate impact.

***Specific, Facially Neutral Employment Practice.***  Plaintiffs contend that Wipro has improperly raised the bar for exhausting and pleading their claims by requiring them to allege the existence of a specific, facially neutral practice that caused a disparate impact.  Opp. at 6, 8.

1

Plaintiffs rely on out-of-circuit cases, *see id.* at 6–8,[1] and ignore entirely the clear case law in this Circuit that requires a plaintiff alleging a disparate impact claim under Title VII to identify a "specific employment practice" that is "neutral on its face" and "caus[es] a substantial adverse impact on a protected group." *Hashem v. Hunterdon Cty.*, 2016 WL 5539590, at *14 (D.N.J. Sept. 29, 2016) (Wolfson, J.); *see McNeil v. Greyhound Lines, Inc.*, 982 F. Supp. 447, 451 (E.D. Pa. 2013) (dismissing Title VII disparate impact claim because plaintiff "fails to identify a facially gender-neutral employment practice"); *Thompkins v. Mercy Phila. Hosp.*, 2010 WL 3719099, at *4 (E.D. Pa. Sept. 20, 2010) (similar).[2]

Plaintiffs' allegations relating to disparate impact—both in their EEOC charges and the Amended Complaint—do not meet this bar. Plaintiffs fail to explain why their challenges to Wipro's "hiring and staffing decision-making process, as a whole," "appraisal and promotion process," and "employee allocation practices," Am. Compl. ¶ 24; *see* Exs. B–F ¶ 16, constitute "specific" employment practices, as opposed to generalized policies. Instead, Plaintiffs assert they are "not required" to allege the employment practices underlying their disparate impact claims with more specificity because "the relevant information is within Wipro's sole possession and control." Opp. at 7. Plaintiffs are wrong. Plaintiffs' cases are inapposite, and Plaintiffs do not

---

[1]  Plaintiffs cite only one case from this Circuit, *Houle v. Walmart Inc.*, 447 F. Supp. 3d 261 (M.D. Pa. 2020) (cited at Opp. 6), which actually *confirms* that a "Title VII plaintiff alleging disparate impact discrimination . . . must 'plead that a *facially neutral practice*'s adverse effects fall disproportionately' on a protected class." *Id.* at 279 (emphasis added).

[2]  The requirement to identify a "specific employment practice[]" is not limited to claims under the Age Discrimination in Employment Act ("ADEA"), as Plaintiffs assert (at 5–6). Although "disparate-impact liability" is "narrower in ADEA cases than under Title VII," *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 98 (2008), courts in this Circuit require plaintiffs alleging a Title VII disparate impact claim to identify a "specific employment practice," *Ackie v. Phila. Gas Works*, 2020 WL 509167, at *2 (E.D. Pa. Jan. 31, 2020); *see, e.g.*, *Fields v. Am. Airlines, Inc.*, 2021 WL 4306021, at *13 (E.D. Pa. Sept. 22, 2021) (plaintiff alleging disparate impact under Title VII must "identify[] the specific employment practice that is challenged").

cite any cases holding that a disparate impact claim is exhausted or adequately alleged where the plaintiff fails to identify a specific employment practice.[3]  To the contrary, courts routinely hold that generalized policies, like the challenged practices here, are insufficient to exhaust or plead a disparate impact claim.  *See, e.g.*, *Fields*, 2021 WL 4306021, at *14 (dismissing Title VII disparate impact claim because "Plaintiffs do not identify the relevant training policies" underlying disparate impact claim); *Ackie*, 2020 WL 509167, at *3 (finding alleged "'scheduling work and scheduling overtime' policies" insufficiently specific to state a Title VII disparate impact claim).  Plaintiffs ignore these cases in their opposition.

Plaintiffs also do not dispute that the bulk of the alleged employment practices underlying their disparate impact claims are the exact same practices identified elsewhere in their pleading and EEOC charges as intentionally discriminatory practices.  Plaintiffs instead attempt to recast their theory of Wipro's purported practices of applying for visas and affording preferential treatment toward visa holders as a theory of disparate impact.  Opp. at 8.  Plaintiffs' argument is unavailing.  Indeed, Plaintiffs allege that "[t]o fulfill its *employment preference* for South Asians and Indians, Wipro seeks to maximize the number of visas it receives each year," "[a]ll, or substantially all, of the individuals for whom Wipro secures visas are South Asian and Indian," and "visa-ready individuals are given preference" for "open positions in the U.S."  Am. Compl. ¶¶ 19–20 (emphasis added); *see* Exs. B–F ¶¶ 11–12.  Plaintiffs' claim is thus premised on Wipro's alleged implementation of its visa policies "in a deliberately discriminatory fashion," and "is one of *intentional* discrimination—not the result of adverse effects from a facially neutral policy."

---

[3]  Plaintiffs rely on *Innova Hospital San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719 (5th Cir. 2018), which involved claims of improper reimbursements of health plan benefits under the Employee Retirement Income Security Act, and *Rosenau v. Unifund Corp.*, 539 F.3d 218 (3d Cir. 2008), which involved claims under the Fair Debt Collection Practices Act.

*Rauceo v. Phila. Gas Works*, 2020 WL 550613, at *3 (E.D. Pa. Feb. 3, 2020); *see, e.g.*, *Sztroin v. PennWest Indus. Truck, LLC*, 2017 WL 4355575, at *7–8 (W.D. Pa. Oct. 2, 2017) (dismissing Title VII disparate impact claim because "[t]he purported existence of a facially neutral policy" is "undermined by the more specific allegations in [the] Complaint" which "make clear that the policy of which Plaintiff complains was one of intentional discrimination"); *Wilson v. Phila. Hous. Auth.*, 2008 WL 699001, at *5 (E.D. Pa. Mar. 12, 2008) (EEOC charge that only alleged "disparate treatment" does not exhaust disparate impact claim).  Further, even if disparate treatment and disparate impact may be pled in the alternative and may sometimes overlap, Opp. at 8–10, a plaintiff must still satisfy the plausibility requirements for both theories—which Plaintiffs fail to do.[4]  *See Kovach v. Turner Dairy Farms, Inc.*, 929 F. Supp. 2d 477, 500 (W.D. Pa. 2013) (while pleading in the alternative is permitted, "what is pled alternatively must still have a plausible basis grounded in fact"); *see also, e.g.*, *Allen v. Sch. Reform Comm'n*, 2017 WL 467411, at *3 (E.D. Pa. Feb. 3, 2017); *Bratek v. TD Bank, N.A.*, 2012 WL 603299, at *6–7 (D.N.J. Feb. 22, 2012).

   ***Causal Connection.***   Plaintiffs also fail to satisfy their burden of alleging causation. Plaintiffs contend the alleged statistical disparity in Wipro's workforce is sufficient to state a claim. Opp. at 10.  But "[a]llegations which contend only that there is a bottom line racial imbalance in the work force are insufficient" to state a disparate impact claim.  *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998); *see, e.g.*, *Knox v. PPG Indus., Inc.*, 2016 WL 279004, at *7

---

[4]  Plaintiffs largely rely on out-of-circuit cases in support of their argument that they can challenge the same alleged employment practices under both disparate treatment and disparate impact theories of discrimination.  *See* Opp. at 8–9.  Plaintiffs cite only one case in this Circuit, *Green v. USX Corp.*, 896 F.2d 801 (3d. Cir. 1990), which dismissed a disparate treatment claim based on evidence that the challenged hiring policy was not set "with any invidious purpose of disadvantaging black applicants."  *Id.* at 807.  *Green* is therefore inapposite and does not support Plaintiffs' argument that they can assert disparate impact and disparate treatment claims based on the exact same alleged employment practices.

(W.D. Pa. Jan. 22, 2016) (allegation that "only 20 percent of the 70 to 80 employees . . . were women is not enough" to state Title VII disparate impact claim).

Plaintiffs must allege a "causal connection" between the challenged practice and the alleged disparate impact. *McNeil*, 982 F. Supp. 2d at 450. Courts routinely dismiss disparate impact claims where, as here, the plaintiff fails to plead facts showing how the alleged facially neutral practice "caused the [alleged] disparity" in the workforce. *White v. Smiths Detection*, 2013 WL 1845072, at *18 (D.N.J. Apr. 30, 2013) (denying leave to amend to add disparate impact claim because proposed pleading "fails to explain with any particularity" how the challenged practice "itself caused the alleged disparate impact"); *see, e.g.*, *Knox*, 2016 WL 279004, at *7 (dismissing disparate impact claim because plaintiff failed to "explain how any of the challenged employment practices . . . have any connection to" alleged disparity in workforce). Plaintiffs fail to make this showing as they allege the purported disparity in Wipro's workforce only "reflects"—rather than was caused by—the alleged discriminatory practices. Am. Compl. ¶ 25. Further, and critically, Plaintiffs do not identify any factual allegations demonstrating that the alleged facially neutral practices (as opposed to the alleged facially *discriminatory* practices) caused this disparity. Indeed, in arguing they satisfied their burden of alleging causation, Plaintiffs point only to alleged discriminatory practices that intentionally "prioritize[]" and favor South Asian employees. Opp. at 12 (citing Am. Compl. ¶ 20 ("South Asian and Indian visa-ready individuals are given preference"), ¶¶ 22–23 (Wipro's alleged practices "because of its discriminatory preference for South Asians and Indians")). Plaintiffs' disparate impact claims thus fail as a matter of law.

### B. Plaintiffs Fail to State A Claim for Disparate Treatment

Plaintiffs fail to address the paucity of alleged facts linking the adverse employment actions they allegedly experienced to any supposedly discriminatory treatment. Mot. at 18–22. The Court cannot infer discriminatory treatment simply because Plaintiffs are not South Asian or Indian and

they experienced an adverse employment action—there must be some facts alleged to exclude the possibility that Plaintiffs were simply ineffective at their jobs. *Id.* Without those facts, Plaintiffs' disparate treatment claims should be dismissed.

Plaintiffs attempt to avoid these fatal defects by arguing their deficient disparate treatment claims should proceed because they purport to allege a "pattern or practice" of discrimination. Opp. at 13–15. Plaintiffs' argument fails. "[P]attern or practice" is not an independent cause of action, but merely an "evidentiary framework" for proving a discrimination claim. *Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 185 (3d Cir. 2009). As a result, it does not affect "what patterns or practices constitute discrimination prohibited by the statute"—here, Title VII and Section 1981. *Id.* at 183–84. Accordingly, the statutory requirements of Title VII and Section 1981, "not the *Teamsters* evidentiary framework," "control[] the substantive assessment of what elements must be determined to prove" a disparate treatment claim. *Id.* at 185.[5]

Plaintiffs' argument (at 14–15) that the "pattern or practice" evidentiary framework lowers the pleading standards for disparate treatment claims is foreclosed by *Comcast Corp. v. National Association of African-American Owned Media*, 140 S. Ct. 1009 (2020). In *Comcast*, the Supreme Court held that a private plaintiff alleging disparate treatment under Section 1981 must allege facts to state a plausible discrimination claim "under the but-for causation standard." *Id.* at 1019. The Court further instructed that a plaintiff alleging disparate treatment under Section 1981 must allege that "discrimination was a motivating factor in the defendant's decision." *Id.* at 1017. Plaintiffs fail to allege facts to meet these pleading standards, which dooms their claims. Mot. at 18–22.

---

[5] This decision is in accord with the rule in other circuits. *See, e.g.*, *Parisi v. Goldman, Sachs & Co.*, 710 F.3d 483, 487 (2d Cir. 2013); *Serrano v. Cintas Corp.*, 699 F.3d 884, 898 (6th Cir. 2012); *Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 355 (5th Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

In any event, even if the *Teamsters* evidentiary framework somehow altered the pleading standard (it does not), Plaintiffs' claims still fail for two reasons. *First*, the pattern-or-practice method of proof is not available for many of Plaintiffs' claims. As Plaintiffs concede, "the pattern-or-practice method of proof" is only available in class actions and is unavailable to plaintiffs who assert "individual disparate treatment" claims. Opp. at 15 n.12; *see Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 149 (2d Cir. 2012); *Roberson v. Post Comm. Real Estate LLC*, 2015 WL 2118158, at *3 (E.D. Pa. May 1, 2015). Valles', Pezeshki's, Gibbs', and MacLean's Title VII class claims, and Valles' and Gibbs' Section 1981 class claims, are untimely. *See* Mot. at 26–27; Section II, *infra*. These plaintiffs can assert—at most—individual disparate treatment claims, and therefore cannot rely on the pattern-or-practice method of proof. *Duffy v. Sodexho, Inc.*, 2008 WL 4919399, at *16 (E.D. Pa. Nov. 17, 2008). Because Valles, Pezeshki, Gibbs, and MacLean fail to allege facts to support a plausible inference that race or national origin was the "motivating" reason or the "but for" cause for any adverse employment action, their disparate treatment claims fail.

*Second*, for the claims where the *Teamsters* evidentiary framework is available, Plaintiffs still have not sufficiently pleaded a pattern or practice of discrimination. It is not enough for Plaintiffs to simply "invok[e] the magic words 'pattern' or 'practice'" in their pleading. *Blake v. Bronx Lebanon Hosp. Ctr.*, 2003 WL 21910867, at *5 (S.D.N.Y. Aug. 11, 2003). Plaintiffs must instead allege facts to support the conclusion that "discrimination was [Wipro's] 'standard operating procedure,'" which is *more* demanding than the standard for stating an individual disparate treatment claim. *Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004); *see Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 877–78 (1984) (a pattern-or-practice claim "may fail even though discrimination against one or two individuals has been proved").

Plaintiffs cannot meet this burden. Plaintiffs fail to allege facts to support an inference that

race or national origin was a "motivating factor," or the "but for" reason, for any adverse employment action. Mot. at 18–22. To the contrary, the fact that Wipro hired the five Plaintiffs (who are non-South Asian and non-Indian) undermines their theory that Wipro has a pattern or practice of discrimination in hiring. *See Hess v. Sec. Guards, Inc.*, 2003 WL 22271483, at *2 (E.D. Pa. Sept. 30, 2003). Further, even if Plaintiffs adequately alleged facts suggesting a discriminatory motive of their alleged adverse employment actions, this would be, at best, "isolated" or "sporadic" instances of discrimination, which is insufficient to plead a pattern or practice of discrimination.[6] *Petruska v. Reckitt Benckiser, LLC*, 2015 WL 1421908, at *7–8 (D.N.J. Mar. 26, 2015); *see Tucker v. Gonzales*, 2005 WL 2385844, at *5 & n.3 (S.D.N.Y. Sept. 27, 2005).

## II.      Plaintiffs' Claims Are Largely Time-Barred

*Gibbs', Pezeshki's, and Valles' Claims Are Largely Untimely.* Plaintiffs concede that nearly all of Gibbs', Pezeshki's, and Valles' Title VII claims, and Gibbs' and Valles' Section 1981 claims, were not filed within Title VII's 300-day statute of limitations and Section 1981's four-year statute of limitations. Opp. at 17–21. Plaintiffs also concede that the filing of the class action complaint in *Phillips* did not toll the statute of limitations for any class claims under the *American Pipe* tolling doctrine. *Id.* at 19. Thus, it is undisputed that the following claims are time-barred:

| Plaintiff | Indisputably Time-Barred Title VII Claims | Indisputably Time-Barred Section 1981 Claims |
|---|---|---|
| **Gibbs** | All of Gibbs' individual and class claims under Title VII | All of Gibbs' class claims under Section 1981 |
| **Pezeshki** | All of Pezeshki's class claims under Title VII | N/A |
| **Valles** | Valles' individual and class claims under Title VII based on failure to hire, | Valles' class claims under Section 1981 based on failure to hire, failure to |

---

[6] By contrast, in *U.S. v. Nobel Learning Communities, Inc.*, 676 F. Supp. 2d 379 (E.D. Pa. 2009) (cited at Opp. 14), the court found the plaintiff alleged "discrimination was the company's standard operating procedure" because it alleged 11 specific "instances of discrimination." *Id.* at 383–84.

| | failure to promote, and termination[7] | promote, and termination |
|---|---|---|

***Equitable Tolling Does Not Save MacLean's Title VII Claims.***  Plaintiffs do not dispute

that MacLean's Title VII claims are untimely because he filed his EEOC charge more than 300

days after the last allegedly discriminatory act, his termination from Wipro.  Mot. at 23.  Plaintiffs

instead assert (at 18–19) that MacLean's Title VII claims were equitably tolled during the

pendency of the motion to amend to add MacLean as a plaintiff in *Phillips*.  Plaintiffs' argument

lacks merit.

Equitable tolling is an "extraordinary remedy which should be used sparingly," *Dixon v.*

*Elizabeth Bd. of Educ.*, 2010 WL 1742214, at *4 (D.N.J. Apr. 27, 2010), and MacLean fails to

meet his "heavy burden" of proving this doctrine applies, *White v. U.S.*, 2013 WL 5406635, at *4

(D.N.J. Sept. 25, 2013).  MacLean does not assert that Wipro "misled" him with respect to his

claim,[8] or that "extraordinary circumstance[s]" "prevented" him from timely asserting his claim.

*Dixon*, 2010 WL 1742214, at *4.  The one basis for equitable tolling that MacLean does mention—

filing "mistakenly in the wrong forum"—is inapposite.  Opp. at 18.

This case "is not one where it is apparent that [MacLean] actively sought to file a Federal

EEOC charge, but erroneously and timely filed such a charge in the wrong forum."  *Castellane-*

*Jaconetta v. Fornoro*, 2020 WL 1329905, at *6 (D.N.J. Mar. 23, 2020).  Rather than filing a timely

EEOC charge, MacLean sought to intervene in *Phillips*, which reflects his "fail[ure] to exercise

sufficient due diligence to ascertain . . . the steps necessary to preserve" his Title VII claim and

---

[7] *American Pipe* tolling does not apply to Gibbs' and Valles' Title VII claims because the *Phillips* complaint was filed more than 300 days after the last allegedly discriminatory act concerning either man.  Mot. at 27 n.9.  Gibbs' and Valles' individual and class Title VII claims are thus untimely.

[8]  This distinguishes the instant case from *Yang v. Village Super Market, Inc.*, 2019 WL 1275059 (D.N.J. Mar. 20, 2019) (cited at Opp. 19), where the court found equitable tolling applicable "because Defendant failed to inform its employees (the potential class members) of their FLSA rights as required by the FLSA regulations."  *Id.* at *3.  No similar conduct is alleged here.

does not warrant equitable tolling. *Id.* Indeed, minimal diligence—such as "a simple search on the internet, or a visit to the [EEOC's] website"—"would have informed [MacLean] of his obligation to exhaust administrative remedies before filing" a Title VII claim. *Cho v. Chao*, 2018 WL 1087499, at *3 (D.N.J. Feb. 28, 2018). MacLean's assertion (at 19) that he "had a good faith and reasonable belief that his claims could be litigated in the existing *Phillips* class action" misses the mark. MacLean was required to "exhaust [his] administrative remedies by filing a timely discrimination charge with the EEOC" before he could file Title VII claims in *any* federal court.[9] *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 413 (3d Cir. 2010); *see* 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1). MacLean—who has been represented by counsel since he sought to intervene in *Phillips*[10]—simply failed to comply with Title VII's exhaustion requirement. This type of "garden-variety . . . excusable neglect" does not justify equitable tolling. *Santos ex rel. Beato v. U.S.*, 559 F.3d 189, 197 (3d Cir. 2009); *see Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 (D.N.J. 2003) ("lack of legal knowledge" and "attorney error" do not warrant equitable tolling).

In analogous cases, courts have repeatedly held that plaintiffs who fail to file a timely EEOC charge before filing a lawsuit are not entitled to equitable tolling.[11] *See, e.g.*, *Fenton v. Port*

---

[9]  Plaintiffs rely on *Flores v. Predco Services Corp.*, 2011 WL 883640 (D.N.J. Mar. 11, 2011), which found equitable tolling applicable because the plaintiff timely filed a lawsuit in Texas based on his "reasonable expectation that personal jurisdiction was possible in Texas." *Id.* at *6. After the Texas court dismissed the plaintiff's action for lack of personal jurisdiction, he filed suit in this District. *Id.* By contrast, MacLean does not (and cannot) argue that it was reasonable for him to seek to assert his Title VII claims in the *Phillips* action without first exhausting those claims.

[10]  *See* Ex. H at 21, 49 (proposed Amended Complaint in *Phillips*, dated November 26, 2019; listing Kotchen & Low LLP as MacLean's counsel).

[11]  The cases Plaintiffs cite are inapposite. In *Bell v. Lockheed Martin Corp.*, 2010 WL 2666950, (D.N.J. June 23, 2010), the plaintiff had already filed an EEOC charge when she moved for leave to amend to assert Title VII claims, *see id.* at *10—which MacLean failed to do. The court in *Doherty v. Teamsters Pension Trust Fund of Philadelphia*, 16 F.3d 1386 (3d Cir. 1994) instructed that equitable tolling may be warranted due to "the illness and death of [plaintiff's] attorney," *id.* at 1393–94; no similar circumstances are present here. Finally, *Island Insteel Systems v. Waters*, 296 F.3d 200 (3d Cir. 2002) addresses equitable tolling "under Virgin Islands law." *Id.* at 218.

*Auth. of N.Y. & N.J.*, 777 F. App'x 45, 47–49 (3d Cir. 2019) (equitable tolling inapplicable to plaintiff who "filed an internal complaint with the Port Authority's Office of EEO Compliance," rather than EEOC, before filing federal lawsuit); *Castellane-Jaconetta*, 2020 WL 1329905, at *6 (similar); *Wurtzburger v. Koret*, 2018 WL 2209507, at *4–5 (S.D.N.Y May 11, 2018) ("wrong forum" equitable tolling is inapplicable to plaintiff who filed an ADEA claim in federal court without first "fil[ing] any type of complaint with the [EEOC]").  The same result must follow here—equitable tolling cannot save MacLean's Title VII claims.

**III.    Plaintiffs Lack Standing to Pursue Claims for Prospective Relief**

To circumvent the basic legal principle that former employees cannot seek prospective relief, *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011), Plaintiffs argue that seeking reinstatement is "enough to establish standing to seek injunctive relief."  Opp. at 22.[12]  But reinstatement is a remedial measure, not a form of prospective relief.  *Cf. McIlmail v. Pa.*, 2018 WL 1071927, at *3 (E.D. Pa. Feb. 27, 2018).  Even if reinstatement could be considered prospective, *Dukes* makes clear that conclusory allegations cannot establish standing.  564 U.S. at 366 (rejecting request for prospective relief from plaintiffs who also sought reinstatement).  Further, the possibility of Plaintiffs working at Wipro again—and the risks Plaintiffs claim to fear—are too speculative to establish standing.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).  It is also not "premature" to assess Plaintiffs' standing to seek prospective relief on behalf of the proposed class, Opp. at 22, as courts routinely decide this issue at the motion to dismiss stage, *see, e.g.*, *Miller v. Glen Mills Schs.*, 2019 WL 6877176, at *5 (D.N.J. Dec. 17, 2019).

---

[12]  Plaintiffs rely on *Chen-Oster v. Goldman Sachs & Co.*, 251 F. Supp. 3d 579 (S.D.N.Y. 2017), which merely suggested that *Dukes* did not adopt a blanket rule denying standing to former employees seeking reinstatement.  *Id.* at 588–90.  But *Chen-Oster* did not establish a categorical rule that seeking reinstatement confers standing.

## CONCLUSION

The Court should dismiss the Amended Complaint with prejudice or, in the alternative, strike class allegations seeking prospective and injunctive relief.[13]

Dated:   June 14, 2022                    Respectfully submitted,

By: /s/ Stephanie L. Silvano
Stephanie L. Silvano (SBN 168182016)
Grace E. Hart (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035
SSilvano@gibsondunn.com
GHart@gibsondunn.com

Greta B. Williams (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: (202) 955-8500
Fax: (202) 467-0539
GBWilliams@gibsondunn.com

Heather L. Richardson (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7000
Fax: (213) 229-7520
HRichardson@gibsondunn.com

*Attorneys for Defendant Wipro Limited*

---

[13]  Plaintiffs should not be afforded any further opportunity to amend their pleading.  Plaintiffs merely tack on a request for leave to amend at the conclusion of their opposition brief, but do not offer *any* basis for this request.  Plaintiffs' request should thus be denied.  *Ramsgate Ct. Townhome Ass'n v. W. Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002).