December 16, 2022

**VIA ECF**
Honorable Lois H. Goodman
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      **Re:    Bifurcation of Discovery**
              *MacLean, et al. v. Wipro Limited*, No. 3:20-3414-FLW-LHG

Dear Judge Goodman:

      Pursuant to Court's instruction at the Parties' December 7, 2022 initial discovery conference and December 12, 2022 Text Order (Dkt. 20), Plaintiffs submit this letter memorandum opposing Wipro's proposal to alter the typical practice—particularly in pattern-or-practice discrimination cases—of proceeding with class discovery in the first instance to allow for a class certification determination as early as possible. Rather than proceeding with this typical approach to discovery, Wipro proposes instead to bifurcate discovery with individual discovery occurring initially and class discovery being put off until after resolution of dispositive motions on individual claims.

      Wipro's unusual proposal is unworkable for three reasons. First, Wipro's proposal is contrary to the well-established two-phase evidentiary framework established in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977), which this Court recognized in its Motion to Dismiss order governs Plaintiffs' pattern-or-practice claims. MTD Order at 24 (Dkt. 23) ("'pattern or practice' claims, . . . are governed by the framework set forth in *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977).). Second, Wipro's proposal is contrary to the normal adjudication of class issues in this district, where class discovery proceeds initially so that class certification be addressed early in a case. Third Wipro's proposal, if adopted, is both prejudicial and unworkable, as no practical way exists to bifurcate discovery on individual issues from class issues.

      Finally, it bears emphasizing that, in the Texas case, Wipro proposed the exact same unusual bifurcation approach as it is proposing here, which that court rejected. *See* Mot. for Phased Discovery, *Phillips v. Wipro Ltd.*, No. 4:18-CV-821, Dkt. 56 (S.D. Tex. Mar. 15, 2019) (seeking to bifurcate discovery); Hr'g Tr. at 45, *Phillips v. Wipro Ltd.*, No. 4:18-CV-821, Dkt. 92 (S.D. Tex. Aug. 16, 2019) ("I'm not prepared to order any phased discovery at this point."). In discovery, Wipro then produced documents evidencing Wipro's intentional and systematic pattern or practice of discrimination, which the plaintiffs summarized and cited in nine pages of their class

Joint Letter to Lois H. Goodman
December 16, 2022

certification brief (filed under seal).[1] Kotchen & Low LLP ("K&L"), Plaintiffs' counsel in this case, also represented the plaintiffs in Texas. K&L requested Wipro's permission to share with this Court its class certification brief, so that the Court can assess how Wipro's alleged pattern or practice of discrimination affected individual employment decisions, including decisions concerning Plaintiffs in this case, but Wipro refused.[2] This refusal only underscores the prejudice to Plaintiffs of disallowing consideration of striking pattern or practice evidence in addressing Plaintiffs' individual claims. If Plaintiffs cannot use evidence of Wipro's pattern or practice of discrimination—including evidence that K&L and Wipro already possess—in the context of Wipro's adverse employment decisions affecting Plaintiffs, there will be no opportunity to place those decisions in the context of Wipro's overall discriminatory scheme. Indeed, the fact that Wipro has already produced pattern-or-practice discovery, which K&L has in hand, reflects that Wipro's proposal to disallow consideration of such evidence is not motivated by efficiency concerns; rather, Wipro is simply seeking to keep harmful evidence of its discriminatory scheme from the Court. Wipro's proposal should be rejected.

> a. *Wipro's Bifurcation Proposal is Contrary to the Teamsters' Framework.*

Courts have repeatedly held that under the phased *Teamsters*' framework, the Court must first determine whether a pattern-or-practice of discrimination exists (a Phase I issue) before assessing the viability of individual discrimination claims in Phase II. *See Teamsters*, 431 U.S. at 361-62 (sequencing a "remedial stage" to address individual claims *after* adjudication of pattern or practice claims); *Munoz v. Orr*, 200 F.3d 291, 306 (5th Cir. 2000) ("It is well established that . . . individual liability [cannot] be adjudged before class liability is determined" in a pattern or practice case); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1108-09 (10th Cir. 2001) (summary judgment on individual claims improper where "the first stage issues in this pattern-or-practice case have yet to be resolved"); *Buchanan v. Tata Consultancy Servs.*, No. 15-cv-01696, 2017 WL 6611653, at *17 (N.D. Cal. Dec. 27, 2017) ("'In this case, plaintiffs' motion for class certification of their claims is pending before this court. An individual assessment of each

---

[1] The Texas court denied class certification solely on the basis of the Fifth Circuit's *Allison v. Citgo Petroleum Corp.* decision, 151 F.3d 402 (5th Cir. 1998). The Third Circuit does not follow *Allison* in pattern-or-practice class certification decisions. *See, e.g.*, *Russell v. Educ. Comm'n for Foreign Med. Graduates*, 15 F.4th 259 (3d Cir. 2021). And the Fifth Circuit disregarded post-*Allison* precedent that subsequently narrowed (if not altogether eliminated) *Allison*'s applicability to pattern-or-practice claims. *See EEOC v. Bass Pro Outdoor World, L.L.C.*, 826 F.3d 791 (5th Cir. 2016).

[2] *See* Jt. Proposed Discovery Plan at 24-25 (Nov. 3, 2022) (contending that "submitting the Phillips class certification brief would be premature and irrelevant," as only the "timing and sequence of discovery" is at issue at this time.)

plaintiff's intentional national origin discrimination claim under *McDonnell Douglas* is premature.'" (quoting *Colindres v. Quietflex Mfg.*, No. Civ.A. H-01-4319, 2004 WL 3690215, at *6-7 (S.D. Tex. Mar. 23, 2004))). Adjudicating pattern-or-practice claims before individual claims is necessary because if Plaintiffs succeed in proving a pattern-or-practice, then a rebuttable presumption of discrimination attaches to their individual claims, which Wipro has the burden of rebutting in Phase II. *Teamsters*, 431 U.S. at 361-62.

As Plaintiffs explained in the parties' November 30, 2022 Joint Proposed Discovery Plan, during Phase I, statistics play a key role in establishing Plaintiffs' *prima facie* case—i.e., that an employer engaged in a pattern-or-practice of discrimination.[3] In certifying classes in cases involving two Wipro competitors, courts have acknowledged the importance of *class-wide* statistical proof. For example, in *Buchanan v. Tata Consultancy Services, Ltd.*, the court certified a class of non-South Asian and non-Indian employees who were terminated by TCS from the bench, finding that "plaintiffs offer[ed] sufficient proof that TCS 'operated under a general policy of discrimination'" by presenting evidence of "statistically significant disparities in involuntary [termination] rates between benched South Asian and non-South Asian employees" and "TCS documents which describe a general corporate policy of favoring expats and visa-ready individuals who are predominantly South Asian in allocating benched employees to open client projects." 2017 WL 6611653, at *20. Similarly, in *Palmer v. Cognizant Technology Solutions Corp.*, the court certified a similar class employees who were benched and terminated, finding that "Plaintiffs have . . . adduced substantial evidence of discriminatory intent.[,]" which included "evidence of an internal understanding that the reason the visa program was part of Cognizant's business model was because H-1B employees—99% of whom were South Asian—'were cheaper labor that would relocate anywhere and everywhere and as often as needed'" and "the simple fact that 99% of employees with visas in the U.S. were South Asian." Order at 58, *Palmer v. Cognizant Tech. Sols. Corp.*, No. 2:17-cv-06848, Dkt. 384, (C.D. Cal. Oct. 27, 2022). By allowing only individual discovery, Plaintiffs would be barred from securing such key statistical data.

Accordingly, limiting discovery to individual issues while foreclosing pattern-or-practice discovery—as Wipro argues for—is inappropriate because the limitation reverses the well-established sequencing in a pattern-or-practice case and prevents Plaintiffs from obtaining

---

[3] *See, e.g., Diaz v. AT&T*, 752 F.2d 1356, 1362-64 (9th Cir. 1985) ("Statistical data is relevant because it can be used to establish a general discriminatory pattern in an employer's hiring[,] promotion[, or termination] practices"); *Castaneda v. Partida*, 430 U.S. 482, 494 & n.13 (1977) ("[i]f a disparity is sufficiently large, then it is unlikely that it is due solely to chance or accident, and, in the absence of evidence to the contrary, one must conclude that racial or other class-related factors entered into the selection process"); *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307-08 (1977) (holding "gross statistical disparities . . . alone may in a proper case constitute prima facie proof of a pattern or practice of discrimination"); *Beck v. Boeing*, 60 Fed.Appx. 38, 39 (9th Cir. 2003) (same).

Joint Letter to Lois H. Goodman
December 16, 2022

evidence necessary to establish their prima facie case. *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir. 1983) (holding that in a pattern or practice case, "the trial judge overstep[s] the bounds of discretion in limiting discovery" to the circumstances of the named plaintiff's individual claims); *Danny B. v. Raimondo*, 784 F.3d 825, 835-36 (1st Cir. 2015) (holding that requiring plaintiffs to prove individual claims before allowing discovery on "what other policies, practices and procedures may be implicated" is an abuse of discretion); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559-60 (11th Cir. 1985) (holding that discovery limitations used in individual cases are not appropriate in class actions alleging a broader pattern or practice of illegal conduct); *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 191 (D.N.J. 2010), aff'd, No. CIV. 08-6292, 2010 WL 3724271 (D.N.J. Sept. 15, 2010) ("Plaintiff has asserted a disparate impact theory in her First Amended Complaint and, . . . "'that is all that is required at this stage to permit discovery to proceed.' Accordingly, the Court finds that Plaintiff has demonstrated the relevance of company-wide discovery at this time." (internal citation omitted)).[4]

While Wipro has argued that there is "ample" authority permitting this Court to first rule on a summary judgment motion before deciding the merits of class certification, the cases cited by Wipro do not involve pattern-or-practice discrimination claims that are adjudicated under the *Teamsters* framework.[5] *See Novella v. Westchester Cty.*, 661 F.3d 128, 135, 135 (2d Cir. 2011) (asserting seven claims, two relating to owed credit for workers' compensation hours, and five relating to pension calculations); *Saroza v. Lyons, Doughty & Veldhuis, P.C.*, No. 17-00523 (RBK/AMD), 2021 WL 2549273, at *1 (D.N.J. June 22, 2021) (putative class action alleging violations of the Fair Debt Collection Practices Act). Wipro cited to only one example of a pattern-

---

[4] *See also Gutierrez v. Johnson & Johnson, Inc.*, No. CIV.A. 01-5302 WHW, 2002 WL 34717245, at *4 (D.N.J. Aug. 13, 2002) (denying motion for a protective order precluding company-wide discovery, noting that "[i]n employment discrimination cases, Courts generally grant wide latitude to a plaintiff or plaintiffs who seek to conduct company wide discovery" and that the relevant issue is "the extent to which the case involves a common employment policy or practice."); *EEOC v. Sterling Jewelers*, 788 F. Supp. 2d 83, 87 (W.D.N.Y. 2011) (noting that "Supreme Court and Second Circuit caselaw support the use of bifurcation in Title VII actions asserting pattern-or- practice discrimination" where "Stage I would include discovery and trial of issues relating to pattern or practice liability, injunctive relief and punitive damages. Stage II would encompass the individual members'' claims for compensatory damages and defenses to those individual claims."); *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 562 (S.D.N.Y. 2013) ("Broader discovery is warranted when a plaintiff's claims are premised on a pattern or practice of discrimination at the organization-wide level, as opposed to specific allegations of discrimination made against an individual supervisor.").

[5] *See* Jt. Proposed Discovery Plan at 3 (Nov. 3, 2022).

Joint Letter to Lois H. Goodman
December 16, 2022

or-practice case in which a court bifurcated discovery, *Walker v. Accenture PLC*, but that case is distinguishable because unlike here, "the idiosyncratic nature of [plaintiff's] specific claims, an issue readily apparent from th[e] Court's denial of Accenture's motion to dismiss," warranted individual discovery. Order at 1, No. 3:19-cv-00888, Dkt. 71 (D. Conn. Apr. 2, 2021). In *Walker*, the plaintiff's claims were highly individualized, as the parties disputed whether the sole named plaintiff signed a separation agreement, supported by adequate consideration, sufficient to "'doom[] the majority of [plaintiff's] class allegations.'" Order at 1-18, 49, *Walker v. Accenture PLC*, No. 3:19-cv-00888, Dkt. 61 (quoting Def.'s Mem. at 15). Here, Plaintiffs' claims are not highly individualized, nor are they "doomed" by a single piece of individualized evidence that would moot their standing to bring claims against Wipro. This Court should not adopt the "disfavored" approach taken by the *Walker* court.

In a seemingly last-ditch effort, in the parties' Joint Proposed Discovery Plan, Wipro argued that because the pattern-or-practice framework is only available in class actions, Plaintiffs cannot avail themselves to it here because no class has been certified in this case or in the Texas matter. But this argument is nonsensical, as the Texas decision is not binding, was based on reasons specific to Fifth Circuit case law, and does not preclude class certification in this case.

> b. *Wipro's Bifurcation Proposal is Disfavored by Courts and Contrary to the Usual Practice in this District and Should Be Rejected Here.*

"[I]n the context of class action litigation, bifurcating merits and class discovery is particularly disfavored, in view of the Supreme Court's holding in *Wal-Mart Stores, Inc. v. Dukes*, which is rooted in the premise that the class certification analysis under Rule 23 'generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Wesley v. Samsung Elecs. Am., Inc.*, No. 20-18629-JMV-AME, 2022 WL 2870200, at *2 (D.N.J. July 21, 2022) (quoting *Singh v. Lenovo (United States) Inc.*, No. CCB-20-1082, 2021 WL 1516032, at *1 (D. Md. Apr. 16, 2021)). "The overlap between merits issues and class certification requirements, together with the challenge of distinguishing whether any given discovery falls into one category versus the other, and the likelihood that disputes over such distinctions will arise," has rightfully "left courts 'reluctant to bifurcate class-related discovery from discovery on the merits.'" *Id.* (citation omitted). Because bifurcation is "particularly disfavored" and will likely result in wasted party and judicial resources navigating discovery disputes, Wipro's proposal should be rejected. *Id.* at *2-3 (denying defendant's "application to limit discovery to matters pertaining to the claims brought by the Plaintiffs in their individual capacities").

While Wipro previously argued that the Third Circuit routinely bifurcates discovery,[6] the cases it cited are readily distinguishable because neither *Physicians Healthsource v. Janssen Pharmaceuticals, Inc.*, No. 12-2132 (FLW), 2014 WL 413534 (D.N.J. Feb. 9, 2017), a Telephone

---

[6] *See* Jt. Proposed Discovery Plan at 17-18 (Nov. 3, 2022).

Joint Letter to Lois H. Goodman
December 16, 2022

Consumer Protection Act action, nor *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, No. 06-cv-1495, 2009 WL 3602008 (W.D. Pa. Oct. 28, 2009), an individual discrimination lawsuit, were pattern-or-practice cases proceeding on the *Teamsters* burden shifting framework. Even outside the *Teamsters'* context, "bifurcation of discovery in this District, which is in a serious judicial emergency, is extremely rare, [particularly in class actions] since bifurcation often delays cases and leads to serial motion practice." *Wilson v. Quest Diagnostics, Inc.*, No. CV 18-11960 (WJM), 2019 WL 7560932, at *2 (D.N.J. Aug. 22, 2019).

At the Parties' initial discovery conference, the Court indicated that the normal practice in this District if discovery is bifurcated is to proceed with class-wide discovery prior to individual discovery. *See, e.g.*, *Bell v. Lockheed Martin Corp.*, No. CIV. 08-6292, 2010 WL 3724271, at *4 (D.N.J. Sept. 15, 2010) (approving plan in which "discovery [w]ould be staged and that Defendant could object to any substantive discovery that is not related to class certification issues."); *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 199 (D.N.J. 2010) (noting the "Third Circuit did not hold that bifurcation of discovery is mandated, as argued by Defendant" and allowing "all discovery related to class certification" with damages discovery stayed, pursuant to the parties' agreement until after class certification was decided). Plaintiffs are amenable to this approach, provided that class and merits discovery proceed in tandem, and discovery concerning class members' individual damages and Wipro's individualized defenses be reserved for Phase II.

    c. *Wipro's Bifurcation Proposal is Unworkable and Prejudicial to Plaintiffs.*

Wipro's proposal to limit discovery only to individual issues is unworkable, as Plaintiffs' individual claims must be assessed—consistent with *Teamsters*—in the context of Wipro's overall pattern-or-practice of discrimination, as policies and practices that affected the putative class at large also affected Plaintiffs individually. Wipro's proposal is designed solely to ensure that the Court is shielded from information concerning the existence and effect of Wipro's corporate policies and practices, even though they affected Plaintiffs. For example, Plaintiffs' counsel and Wipro each possess discovery from the Texas case that directly bears on Plaintiffs' discrimination claims here. Ignoring the inherent efficiencies in using the evidence from the Texas case here, Wipro proposes that this evidence cannot be used in connection with the Court's consideration of Plaintiffs' discrimination claims. No legitimate reason exists for this approach; Wipro simply wants to prevent the Court from considering striking evidence of its pattern or practice of discrimination affecting Plaintiffs and other putative class members alike. Indeed, as noted above, this evidence was summarized and quoted in nine pages of the Texas class certification brief (filed under seal on August 17, 2021), which Wipro declined to allow Plaintiffs to share with this Court so that it can assess the prejudice to Plaintiffs of Wipro's proposed bifurcated approach to discovery.

Joint Letter to Lois H. Goodman
December 16, 2022

Allowing bifurcated discovery would result in significant prejudice to Plaintiffs because it would require them to prematurely litigate their individual claims without the benefit of pattern-or-practice discovery, the burden-shifting framework established by *Teamsters*, and the rebuttable presumption that Plaintiffs were victims of Wipro's discrimination if successful in Phase I. *See Teamsters*, 341 U.S. at 361.

We respectfully request that the Court deny Wipro's request to bifurcate discovery. We thank the Court for its attention to this matter.

Sincerely,

*/s/* Jonathan Rudnick
Jonathan Rudnick
Daniel Kotchen (*pro hac vice* pending)
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Court's CM/ECF system.

By: /s/Jonathan Rudnick