UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY MACLEAN, *et al.*, *individually and in their representative capacities*,<br><br>Plaintiffs,<br><br>v.<br><br>WIPRO LIMITED,<br><br>Defendant. | Civ. No. 20-3414 (GC)(JBD)<br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of the parties' March 1, 2024 joint letter identifying various discovery disputes; and the Court having addressed the disputes set forth in paragraphs (C) and (D) of the joint letter during a telephone conference held on March 18, 2024; and for the reasons stated on the record during the telephone conference;

**IT IS** on this **20th** day of **March, 2024**,

**ORDERED** that the documents and electronically stored information (ESI) previously produced in *Phillips v. Wipro Limited*, Civ. No. 4:18-cv-00821 (S.D. Tex.) shall be reproduced and made available to plaintiffs in this case, in their entirety and in the same form as previously produced in *Phillips*, retaining the same redactions and privilege calls, without prejudice to plaintiffs' right to challenge same; and it is further

**ORDERED** that if plaintiffs seek to challenge redactions or privilege calls, or assert that additional collections are necessary, the parties shall meet and confer in

good faith in an effort to resolve their disagreements. If the parties cannot resolve their disagreements, they shall bring them to the Court's attention pursuant to paragraph 5 of the Court's case management order; and it is further

**ORDERED** that with respect to the data previously produced in *Phillips* and discussed in paragraph (D) of the joint letter, plaintiffs' request that defendant Wipro remove redactions to data fields pertaining to gender and age is DENIED; and it is further

**ORDERED** that, with respect to the client and account name data fields in the same data, the parties shall meet and confer regarding the feasibility of using a substitute identifier (e.g., internal client ID numbers or other numbers to be assigned to clients and accounts) in lieu of unredacting the client and account names. On or before **April 3, 2024**, the parties shall submit a joint letter, no more than three (3) pages in length, apprising the Court of the status of the parties' meet and confers on this issue; and it is further

**ORDERED** that no later than **April 3, 2024**, Wipro shall submit to the Court a sworn declaration of an individual with knowledge of Wipro's relevant systems that describes, with specificity, the manner in which Wipro maintains the detailed staffing data that plaintiffs seek in paragraph (D) of the joint letter, and the methods, burdens, and costs that would be associated with compiling and producing that data; and it is further

**ORDERED** that the Court will set a hearing at a later date to address the remaining issues in the parties' March 1, 2024 letter, and that all discovery deadlines shall remain adjourned pending further order of the Court.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE