UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY MACLEAN, *et al.*, *Individually and in their representative capacities*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>WIPRO LIMITED,<br><br>　　Defendant. | Civ. No. 20-3414 (GC)(JBD)<br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of the parties' March 1, 2024 joint letter identifying various discovery disputes; and the Court having addressed the disputes set forth in paragraphs (C) and (D) of the joint letter during a telephone conference held on March 18, 2024; and the Court having issued an order on March 20, 2024 directing defendant Wipro Limited ("Wipro") to submit to the Court a sworn declaration of an individual with knowledge of Wipro's relevant systems that describes, with specificity, the manner in which Wipro maintains the detailed staffing data that plaintiffs seek in paragraph (D) of the joint letter, and the methods, burdens, and costs that would be associated with compiling and producing that data [Dkt. 56]; and Wipro having submitted to the Court the sworn declaration of Brian Hinton, Director, Human Resources at Wipro ("Hinton Declaration"); and for the reasons preliminarily discussed during the March 18, 2024 telephone conference and upon the Court's careful review and consideration of the Hinton Declaration; and the Court finding at this time,

pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, that the significant burden and expense to Wipro of compiling and producing the detailed staffing data in the format that plaintiffs request it—particularly in light of the data contained in the monthly employee profile reports that Wipro has produced and will continue to produce—outweighs the likely benefit of the detailed staffing data, and that requiring production of the requested staffing data is therefore not proportional to the needs of the case at this juncture; and for good cause shown,

**IT IS** on this **8th** day of **April, 2024**,

**ORDERED** that Plaintiffs' request for detailed staffing data is DENIED, without prejudice to revisiting the issue, if appropriate, as discovery progresses; and it is further

**ORDERED** that the Court will hold an in-person hearing to address the remaining disputes set forth in the parties' March 1, 2024 joint letter on **May 21, 2024 at 2:00 p.m**. in Courtroom 7E of the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey; and it is further

**ORDERED** that counsel shall continue to meet and confer in advance of the hearing in a good-faith effort to resolve and/or narrow the remaining discovery disputes; at a minimum, counsel shall meet and confer at least one week before the hearing; and counsel shall also be prepared to meet and confer in person in the courtroom before the Court hears argument on the outstanding disputes; and it is further

**ORDERED** that all discovery deadlines shall remain adjourned pending further order of the Court.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE