UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY MACLEAN, *et al.*, *individually and in their representative capacities*,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>WIPRO LIMITED,<br><br>　　　Defendant. | Civ. No. 20-3414 (GC)(JBD)<br><br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of the parties' March 1, 2024 joint letter identifying various discovery disputes; and the Court having carefully considered the parties' positions as set forth in the joint letter; and the Court having heard oral argument on June 4, 2024 in respect of the disputes set forth in paragraphs (A), (B), (E), (F), and (G) of the joint letter; and the Court having considered the disputes in light of the legal principles governing discovery, this Court's orders dated March 20, 2024 and April 9, 2024 [Dkts. 56, 58], and Rule 26(b)'s principles of relevance, proportionality, and burden of the proposed discovery compared with its likely benefit; and for the reasons set forth on the record;

　　　**IT IS** on this **11th** day of **June, 2024**,

　　　**ORDERED** that in respect of plaintiffs' requests for additional information regarding Wipro's backups of electronically stored information ("ESI") and lost or destroyed ESI, the parties are directed to meet and confer to select appropriate custodians and search terms, during and after which the parties shall discuss

whether relevant requested documents and/or data belonging to those custodians may have been lost or deleted and, if so, whether backups of that ESI exist; and it is further

**ORDERED** that to the extent Wipro maintained general practices, policies, or customs regarding document and ESI retention, backups of ESI, and deletion of ESI that have not already been identified to plaintiffs, Wipro is directed to provide that information to plaintiffs in connection with the meet-and-confer process ordered above; and it is further

**ORDERED** that in respect of plaintiffs' document request instruction Number 7, the standard set forth in *In re K-Dur Antitrust Litig.*, Civ. No. 01-1652 (JAG), 2007 WL 5297754 (D.N.J. Mar. 12, 2007), shall govern the information to be disclosed regarding any lost or destroyed discovery materials; and it is further

**ORDERED** that in respect of Wipro's ESI search and collection efforts in the *Phillips* matter, the parties shall meet and confer regarding any asserted deficiencies in those efforts to determine whether additional search and collection is warranted, and it is further

**ORDERED** that plaintiffs' request to conduct a Rule 30(b)(6) deposition regarding Wipro's ESI and data retention practices is denied at this time; and it is further

**ORDERED** that in respect of plaintiffs' document request Number 8, Wipro shall produce responsive documents concerning its policies, procedures, directives,

mandates, preferences, or goals regarding its visas and visa practices in the United States, and Wipro's utilization of visa workers in the United States; and it is further

**ORDERED** that in respect of plaintiffs' document request Number 16, the Court finds that Wipro's business plans and regularly created reports concerning Wipro's United States visas and visa utilization generally are relevant and discoverable. The parties shall meet and confer further regarding the kinds of plans and reports that plaintiffs are seeking and whether Wipro compiles, maintains, and keeps such materials in the normal course; and it is further

**ORDERED** that in respect of plaintiffs' document request Number 22, Wipro shall produce documents responsive to the request, except that the request shall be limited to those responsive materials that relate to discrimination in favor of South Asian and/or Indian individuals and against non-South Asian and/or non-Indian individuals; and it is further

**ORDERED** that in respect of plaintiffs' document request Number 23, no later than **June 25, 2024**, Wipro shall submit *ex parte* to the Court for its review *in camera*, via email at jbd_orders@njd.uscourts.gov, responsive materials concerning any government investigation of or inquiry into Wipro's United States visa practices or race or national origin discrimination—including the matter identified in the *Phillips* litigation and discussed during the June 4 conference. The materials submitted shall be sufficient for the Court to determine the relevance and discoverability of the requested documents. In conjunction with its submission of those materials to the Court, Wipro shall file an appropriate public notice via

CM/ECF confirming that it has submitted the documents *ex parte* for the Court's *in camera* review; and it is further

**ORDERED** that in respect of plaintiffs' document instruction Number 2, aside from the *Phillips* materials already produced, the relevant time period for which discoverable materials must be collected and produced in this case shall be June 1, 2014 to the present; and it is further

**ORDERED** that in respect of plaintiffs' document request Number 21, the Court finds that payroll data generally is relevant to plaintiffs' claims. The Court, however, also is mindful of the burden to Wipro in producing the requested data. To balance plaintiffs' need for that discovery with the burden on Wipro in collecting and producing the data, the Court finds that sampling is appropriate. Accordingly, the parties shall meet and confer to determine an appropriate, limited sample set of payroll data that is tailored to plaintiffs' claims, which Wipro shall collect and produce. In selecting an appropriate sample set, the Court expects the parties to discuss in good faith the sample size that (i) will provide plaintiffs with relevant information sufficient to use in support of their claims, but (ii) minimizes the burden on Wipro; and it is further

**ORDERED** that in respect of Wipro's interrogatory Number 4 to plaintiffs MacLean, Gibbs, Pezeshki, and Valles, and interrogatory Number 5 to plaintiff Hemenway, as well as any associated requests for documents, those plaintiffs shall conduct a reasonable and diligent search and, after doing so, shall provide all requested information to the best of their knowledge and recollection, as well as

produce all responsive documents and/or data in their possession, custody, or control; and it is further

**ORDERED** that plaintiffs and Wipro shall continue to meet and confer in a good faith effort to resolve any remaining discovery disputes; and it is further

**ORDERED** that the Court will hold a telephone status conference with the parties on **September 5, 2024, at 10:30 a.m.**  No later than **August 30, 2024**, the parties shall file a joint status letter via CM/ECF, not to exceed three (3) pages, that summarizes the status of discovery and identifies any remaining disputes. The Court will circulate dial-in information in advance of the conference to all parties.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE