UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GREGORY MACLEAN, *et al.*,
*individually and in their representative
capacities*,

          Plaintiffs,

    v.

WIPRO LIMITED,

          Defendant.

Civ. No. 20-3414 (GC)(JBD)

**MEMORANDUM ORDER**

Plaintiffs Gregory MacLean, Rick Valles, Ardeshir Pezeshki, James Gibbs, and Ronald Hemenway move for leave to file a second amended complaint to add, on behalf of themselves and the putative class that they represent, (i) a claim for citizenship discrimination under 42 U.S.C. § 1981 ("Section 1981"); and (ii) a claim for disparate impact under 42 U.S.C. § 2000e-2 ("Title VII"). [Dkt. 67.] Defendant Wipro Limited ("Wipro") opposes the motion. For the reasons set forth below, the Court will grant the motion in part and deny it in part. Specifically, the Court will deny plaintiffs' request to add a claim of citizenship discrimination under Section 1981 and grant their request to add a claim for disparate impact under Title VII.

## I.    BACKGROUND

Plaintiffs filed their initial complaint against Wipro, a multinational information technology and consulting services company headquartered in India, on March 30, 2020. [Dkt. 1.] Plaintiffs, all former Wipro employees, alleged that

the company engaged in an intentional pattern and practice of employment discrimination against individuals who are not South Asian and who are not of Indian national origin—including discrimination in hiring, promotion, and termination—and that Wipro used employment practices that resulted in a disparate impact on those same groups.  [Dkt. 1] ¶ 1.  Plaintiffs asserted three counts in their initial complaint: (i) disparate treatment on the basis of race, in violation of Section 1981, on behalf of all plaintiffs and the putative classes; (ii) disparate treatment on the basis of race and national origin, in violation of Title VII, on behalf of plaintiffs MacLean, Valles, Pezeshki, and Gibbs and the putative classes; and (iii) disparate impact on the basis of race and national origin, in violation of Title VII, on behalf of plaintiffs MacLean, Valles, Pezeshki, and Gibbs and the putative classes.  [Dkt. 1] ¶¶ 79-92.  With Wipro's consent, plaintiffs filed a first amended complaint on June 1, 2020 to include plaintiff Hemenway in all three counts.  [Dkt. 6] ¶¶ 79-92.

On June 11, 2020, Wipro moved to dismiss the first amended complaint or, in the alternative, to stay the matter pending resolution of a similar action pending in the Southern District of Texas, *Phillips, et al. v. Wipro Ltd.*, Civ. No. 18-821 (S.D. Tex.).  [Dkt. 11]; [Dkt. 11-1] at 1-3.  The Court denied Wipro's motion to dismiss but granted its alternative request to stay pending a class certification decision in *Phillips*.  [Dkt. 17] at 1-2, 22; [Dkt. 18].  After the court in *Phillips* declined to certify a class, the Court reopened this matter and lifted the stay on April 7, 2022. [Dkt. 21.]

Wipro then filed a renewed motion to dismiss on May 10, 2022. [Dkt. 22] at 2. The Court granted Wipro's motion as to plaintiffs' disparate impact claim under Title VII, concluding that the first amended complaint failed to identify a facially neutral employment practice. [Dkt. 25] at 30; [Dkt. 26] at 1. The Court denied Wipro's motion as to plaintiffs' disparate treatment claims under Title VII and Section 1981. [Dkt 25] at 30; [Dkt. 26.]

Wipro filed its answer to the first amended complaint on October 27, 2022 [Dkt. 30], and the Court held an initial scheduling conference on December 7, 2022. *See* [Dkt. 32.] Wipro requested that the Court bifurcate discovery, with the first phase limited to plaintiffs' individual claims and relevant defenses, followed by a summary judgment motion on those individual claims before proceeding to class discovery. [Dkts. 34, 35]. Upon supplemental briefing, the Court denied Wipro's bifurcation request [Dkt. 39] and entered a pretrial scheduling order on July 7, 2023. [Dkt. 41]. That scheduling order provided that initial written discovery requests were to be served by July 14, 2023, motions for leave to amend the pleadings were to be filed by October 13, 2023, disputes were to be brought to the Court's attention no later than March 6, 2024, and fact discovery was to remain open through May 23, 2024. [Dkt. 41.]

On March 1, 2024, after the deadline for motions for leave to amend had passed, the parties sent a joint letter to the Court outlining seven significant discovery disputes ("March 1 letter"). On March 5, 2024, the parties jointly requested an extension of all remaining case deadlines in light of the disputes,

asserting that those issues were foundational and needed to be resolved before discovery could meaningfully advance.  [Dkt. 52.]  The parties did not include a request to extend the already-expired deadline for motions for leave to amend. [Dkt. 52.]

The Court adjourned the March 6, 2024 deadline for discovery disputes and indicated that it would address any necessary adjustments to the remaining discovery deadlines after it addressed the disputes set forth in the March 1 letter. [Dkt. 53.]  The Court held a telephone conference on March 18, 2024 and resolved some of the disputes, and held an in-person hearing on June 4, 2024, after which it resolved the remainder.  *See* [Dkts. 54, 56, 58, 62, 63, 66].

On July 26, 2024, with the discovery disputes resolved and plenary discovery ongoing, plaintiffs filed the present motion to amend.  [Dkt. 67.]  Wipro opposed, and the Court heard oral argument on the motion on October 15, 2024.  [Dkt. 78.] After that conference, the Court directed counsel to meet and confer to negotiate and identify appropriate ESI custodians and search terms.  [Dkt. 79.]

## II.    DISCUSSION

Plaintiffs seek leave to add two claims.  The first is a claim for citizenship discrimination under Section 1981 based on a precedential Ninth Circuit decision issued on June 27, 2024.  Plaintiffs assert that this decision was the first by any court of appeals to hold that Section 1981 prohibits discrimination against United

States citizens on the basis of citizenship. [Dkt. 68] at 1, 6-7 (citing *Rajaram v. Meta Platforms, Inc.*, 105 F.4th 1179 (9th Cir. 2024)).

The second is a claim for disparate impact under Title VII, based on a Global Rotation Policy that Wipro produced on November 21, 2023, shortly after the deadline for motions for leave to amend had passed. [Dkt. 67] at 1, 6. Plaintiffs assert that this policy mandates the rotation of tenured visa employees into U.S.-based roles, which results in a disparate impact on non-South Asians and non-Indians who are rotated out of U.S.-based roles and ultimately terminated when unable to find new positions within the company. [Dkt. 68] at 1. Plaintiffs believe that this policy rectifies the deficiency identified in the Court's dismissal of that claim. [Dkt. 68] at 1-2.

## A.    Rule 16

Where, as here, a party moves to amend after the deadline set forth in the Court's scheduling order, the party must first show "good cause" under Rule 16(b)(4) before the Court may consider whether the party meets the more liberal standard for leave to amend under Rule 15(a). *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). This is because setting deadlines for motions to amend in a scheduling order "serves to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material." *Smith v. Honeywell Intern., Inc.*, Civ. No. 10-3345 (JAD), 2014 WL 301031, at *6 (D.N.J. Jan. 27, 2014) (quoting Fed. R. Civ. P. 16, Advisory Committee Notes (1983 Amendment)). "Rule 16 thus allows courts to 'actively manage [the] timetable of

5

case preparation to expedite speedy and efficient disposition of cases.'" *Id.*
(alteration in original) (quoting *Monroe v. City of Hoboken*, Civ. No. 11-2556 (JLL),
2012 WL 1191177, at *5 (D.N.J. Apr. 10, 2012)).

"Whether good cause exists under Rule 16(b) depends upon the diligence of
the party seeking to modify the scheduling order," and the moving party bears the
burden of showing "due diligence." *Id.* (quoting *Monroe*, 2012 WL 1191177, at *6);
*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)).
"In assessing diligence, courts ask 'whether the movant possessed, or through the
exercise of reasonable diligence should have possessed, the knowledge necessary to
file the motion to amend before the deadline expired.'" *Id.* (quoting *Grasso v.
Consolidated Rail Corp.*, Civ. No. 12-398 (KM), 2013 WL 3167761, at *5 (D.N.J.
June 20, 2013)).

"What will constitute good cause to warrant modification necessarily varies
with the circumstances of each case. The Court therefore has broad discretion in
determining what kind of showing the moving party must make in order to satisfy
the good cause requirement of Rule 16(b)." *Jani v. The Provident Bank*, Civ. No. 13-
6057 (WJM), 2016 WL 830802, at *1 (D.N.J. Mar. 3, 2016) (quoting *Roggio v. FBI*,
Civ. No. 08-4991, 2011 WL 3625042, at *5 (D.N.J. Aug. 17, 2011)).

i.    Citizenship Discrimination

Plaintiffs argue that good cause exists to add a citizenship discrimination
claim because the Ninth Circuit's decision in *Rajaram*, which held that Section 1981
"prohibits discrimination in hiring against United States citizens on the basis of

6

their citizenship," was issued on June 27, 2024, eight months after the deadline for motions to amend had passed in this case. [Dkt. 68] at 11; *Rajaram*, 105 F.4th at 1181. Plaintiffs contend that they could not have asserted this claim earlier because until *Rajaram*, the only court of appeals to consider the question whether a United States citizen could bring a claim for citizenship discrimination under Section 1981 was the Fifth Circuit, which held that citizens lack standing to bring such a claim. [Dkt. 68] at 7, 10 (citing *Chaiffetz v. Robertson Rsch. Holding, Ltd.*, 798 F.2d 731 (5th Cir. 1986)). Plaintiffs argue that they were diligent in seeking leave to amend to add this claim less than one month after the Ninth Circuit issued its decision. [Dkt. 68] at 11.

The Court disagrees. For starters, the Fifth Circuit's decision in *Chaiffetz* is not and was not binding precedent in the Third Circuit and thus did not preclude plaintiffs from bringing their citizenship discrimination claim here, either at the outset of this case or at least before the deadline to move to amend. Nor was the Ninth Circuit's more recent decision in *Rajaram* the watershed moment that plaintiffs portend. As Wipro points out and plaintiffs' counsel acknowledge, counsel brought this same claim, before the *Rajaram* decision, in at least three other cases—two in the Northern District of California and one in the Southern District of New York.[1] Plaintiffs' counsel contend that they lost those cases and so did not

---

[1]    *See Rajaram v. Meta Platforms, Inc.*, Civ. No. 22-2920 (LB), [Dkt. 1] ¶¶ 38-42 (N.D. Cal.) (filed May 17, 2022); *Handloser v. HCL Am., Inc., et al.*, Civ. No. 19-1242 (LHK), [Dkt. 40] ¶¶ 51-55 (N.D. Cal.) (filed October 22, 2019); *Ragland v. Larsen & Toubro Infotech Ltd., et al.*, Civ. No. 19-9349 (AKH), [Dkt. 1] ¶¶ 46-50 (S.D.N.Y.) (filed October 9, 2019).

bring the claim in this Court.  [Dkt. 80] at 10:6-25.  But that was a tactical decision and not one based on governing law in this Circuit.  Indeed, plaintiffs' counsel asserted a claim for citizenship discrimination by a United States citizen under Section 1981 in the underlying *Rajaram* case on May 17, 2022—almost 17 months before the deadline to move for leave to amend in this case—yet no precedential decision existed in their favor in the Ninth Circuit at that time.  There, as here, no binding case law precluded a citizenship discrimination claim under Section 1981.  And plaintiffs' counsel clearly was aware of the citizenship discrimination claim before the deadline to move for leave to amend in this case.  This eviscerates plaintiffs' claim of diligence.[2]

In short, plaintiffs do not sufficiently justify their failure to bring this claim in the District of New Jersey when there was no binding precedent in the Third Circuit precluding it, and when their counsel had brought the same claim in other jurisdictions.  To be sure, *Rajaram* may have armed plaintiffs with additional non-binding authority in support of the claim.  But under the circumstances, the Court

---

[2]    Plaintiffs also say that they had good reason to bring a citizenship discrimination claim in the Northern District of California and Southern District of New York because there was persuasive district court case law in the Ninth Circuit, and persuasive reasoning in a Second Circuit decision, in their favor, whereas there is no such persuasive district court case law or appellate reasoning in this Circuit. [Dkt. 72] at 2.  In the Court's view, however, the absence of non-binding in-district authority is not a sufficient basis to defer bringing a claim until non-binding out-of-circuit appellate authority is available.  The Third Circuit was (and remains) a blank slate on this issue; plaintiffs do not explain why they could not have cited the non-binding out-of-circuit district court cases in support of their claim, just as they wish to cite the non-binding out-of-circuit appellate decision in support of it now.

8

concludes that this is not a change in the law that constitutes good cause for seeking belatedly to bring the claim now.[3]

Concluding that plaintiffs have not established good cause under Rule 16, the Court denies the motion to amend for the purpose of adding a citizenship discrimination claim under Section 1981.

### ii. Disparate Impact

Plaintiffs argue that good cause exists to add a Title VII disparate impact claim because Wipro produced a Global Rotation Policy on November 21, 2023, after the deadline to seek leave to amend. [Dkt. 68] at 13-14. Plaintiffs say that they

---

[3]    The cases that plaintiffs cite in support of their argument involve new precedential case law or controlling statutory law. *See People for the Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, Civ. No. 16-2899 (CEH), 2018 WL 2715460, at *2, *4 (M.D. Fla. June 6, 2018) (new Eleventh Circuit decision in a matter pending in the Middle District of Florida), *Elsevier Inc. v. Grossman*, Civ. No. 12-5152 (KPF), 2017 WL 1843298, at *9 (S.D.N.Y. May 8, 2017) (finding good cause to amend upon a change in RICO law after a Supreme Court opinion was issued after the Rule 16 scheduling order's deadline for motions to amend); *McGuire v. Warren*, 207 F. App'x 34, 36-37 (2d Cir. 2006) (vacating and remanding to permit plaintiff to file a motion to amend in light of a Supreme Court decision decided after the complaint was filed and the motion for judgment on the pleadings was granted); *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, Civ. No. 15-211 (LGS), 2016 WL 5338550, at *3 (S.D.N.Y. Sept. 23, 2016) (finding good cause where the Defend Trade Secrets Act of 2016 was passed after the deadline for motions to amend set in the scheduling order); *New v. Blackwell Wind, LLC*, Civ. No. 14-1132 (SLP), [Dkt. 127], at 2-3 (W.D. Okla. Oct. 27, 2017) (finding good cause where a binding Tenth Circuit decision was issued after the date set forth in the scheduling order to amend). The single case that plaintiffs cite that involves a non-binding decision, *Abraxis*, while generally on point, does not change the Court's view in this case. In *Abraxis*, the defendant was permitted to add a legal defense based on a new non-binding out-of-circuit decision; however, unlike this case, there was no indication in *Abraxis* that the defendant or its counsel had previously asserted that defense multiple times in other matters, or that there was any other non-binding persuasive authority available to it. *Abraxis BioScience, LLC v. Actavis, LLC*, Civ. No. 16-1925 (JMV), 2017 WL 2079647, at *3 (D.N.J. May 15, 2017).

discovered this document while drafting the parties' March 1 letter.  Plaintiffs argue that the Global Rotation Policy is "new evidence" that provides the basis for their Title VII claim, and that they were diligent in seeking leave to amend to add this claim "within months after learning of the policy."  [Dkt. 68] at 14.

There is no dispute that Wipro produced the Global Rotation Policy in discovery on November 21, 2023, after the deadline to seek leave to amend. [Dkt. 80] at 18:10-11.  Wipro, however, argues that plaintiffs have not shown diligence because they were "in possession of the Global Rotation Policy for eight months—and actively aware of the policy for five months (if not longer)—before they moved for leave to amend."  [Dkt. 71] at 11-12.

Plaintiffs, on the other hand, assert that "the fact that it took [p]laintiffs several months to review Wipro documents and file their motion was reasonable, particularly in light of other competing case obligations, such as conferring and briefing discovery disputes."  [Dkt. 72] at 5 (citing *Jani*, 2016 WL 830802, at *1-2) (affirming magistrate judge's finding of good cause where party sought leave to amend almost seven months after discovery was produced, and almost five months after a deposition was taken "that provided the proof positive necessary for [plaintiff] to put forth a viable claim").

The Court agrees with plaintiffs and is satisfied that plaintiffs have shown sufficient diligence to meet the "good cause" standard to add the disparate impact claim.  Although Wipro produced the Global Rotation Policy in November 2023, plaintiffs discovered it about three months later and then filed their motion for

leave to amend between four and five months after that in late July 2024. Taking

into account the large number of documents that Wipro produced requiring

plaintiffs' review,[4] combined with the parties' discovery disputes, the Court does not

find the four-to-eight month gap between the production of the policy, plaintiffs'

discovery of it, and their ensuing motion to amend to be an unreasonable amount of

time.[5] *See Johnston v. Titan Logistics & Res., LLC*, Civ. No. 17-1617 (NBF), 2020

WL 6364148, at *5-6 (W.D. Pa. Oct. 29, 2020) (finding good cause where the

---

[4]    Wipro asserts that its November 21, 2023 production included "only 18 documents that totaled 177 pages," and points out that "it appears [plaintiffs] did not review [Wipro's November 21, 2023] production for three months," and then waited five months before filing their motion for leave to amend. [Dkt. 80] at 18:17-25. But the total production in this case, including the *Phillips* production, consists of "more than 60,000 documents." [Dkt. 71] at 6; [Dkt. 72] at 8; [Dkt. 80] at 20:19.

[5]    The cases that Wipro cites in opposition are distinguishable in that they (i) involved deposition testimony, not review of tens of thousands of documents, and/or (ii) the moving party showed a lack of diligence by some act in addition to letting time pass. *See Roggio v. FBI*, Civ. No. 08-4991 (ES), 2011 WL 3625042, at *5-6 (D.N.J. Aug. 17, 2011) (finding no good cause where plaintiffs asserted that claims were only discovered through a deposition that was conducted eight months earlier, and the court stated that "the mundane facts forming the basis for Plaintiffs purported new claims were evident since the outset of this case or, at the very least, long before they sought leave" and that the facts forming the basis of one of plaintiff's claims were "obvious" "long before [the] case was even initiated"); *Fermin v. Toyota Material Handling, U.S.A., Inc.*, Civ. No. 10-3755 (JLL), 2012 WL 1393074, at *6 (D.N.J. Apr. 23, 2012) (finding no good cause where plaintiff asserted that she was simply not aware of the deadline to move to amend, and where she waited six months after the depositions she asserted revealed the newly-acquired information to move for leave to amend, and moved to amend when discovery was almost completed); *Lasermaster Int'l, Inc. v. Netherlands Ins. Co.*, Civ. No. 15-7614 (JXN), 2021 WL 3616197, at *3 (D.N.J. Aug. 13, 2021) (finding no good cause where plaintiff moved to amend more than a year after the deadline set forth in the scheduling order, and three and six months, respectively, after learning of the new claim during two separate depositions); *Capital Health Sys., Inc. v. Veznedaroglu*, Civ. No. 15-8288 (MAS), 2019 WL 6324006, at *7-8 (D.N.J. Nov. 26, 2019) (finding no good cause where the party "sat on" new evidence for thirteen to twenty-one months before filing a motion to amend the pleadings).

amendment was predicated on documents that were produced "within the last few months"); *Grill v. Aversa*, Civ. No. 12-120 (MCC), 2014 WL 198805, at *3-4 (M.D. Pa. Jan. 15, 2014) (finding that defendants had shown sufficiently good cause where they, during "extensive" discovery, learned of facts that formed the basis to add affirmative defenses).

Accordingly, the Court finds that plaintiffs have shown sufficient diligence, and thus good cause, as it relates to their Title VII disparate impact claim.

**B.    Rule 15**

Rule 15 permits a party to amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Where, as here, the plaintiff must seek leave to amend, that leave "shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment." *Simmermon v. Gabbianelli*, 932 F. Supp. 2d 626, 635 (D.N.J. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This liberal policy of permitting amendment exists "in light of the 'principle that the purpose of pleading is to facilitate a proper decision on the merits,'" and "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits." *Grasso*, 2013 WL 3167761, at *7 (quoting *Foman*, 371 U.S. at 182). Consequently, "absent undue or substantial prejudice, an amendment should be allowed under Rule 15 unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or

futility of amendment." *Id.* (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). Where a motion to amend is opposed on futility grounds, the Court assesses whether the proposed amended complaint "would fail to state a claim upon which relief could be granted," and "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The decision whether to grant leave to amend under Rule 15 is "committed to the sound discretion of the district court." *Smith*, 2014 WL 301031, at *8.

### i.  Undue Delay

Wipro argues that leave to amend should be denied because plaintiffs unduly delayed in seeking to amend until eight months after Wipro produced the Global Rotation Policy, pointing out that plaintiffs acknowledge they were aware of the policy by at least March 1, 2024. [Dkt. 71] at 14. Wipro asserts that it was only after "the parties submitted dozens of pages of briefing on discovery disputes, the Court held multiple discovery conferences, and Wipro produced tens of thousands of documents" that plaintiffs moved to amend, and that plaintiffs offer no explanation for their eight-month delay in seeking leave to amend after Wipro produced the Global Rotation Policy. [Dkt. 71] at 14. Wipro therefore argues that this is a "classic" case of undue delay that warrants denial of leave to amend. [Dkt. 71] at 14 (citing *Roggio*, 2011 WL 3625042, at *6).

Plaintiffs, on the other hand, argue that they did not unduly delay. They say that the fact that it took them several months to review Wipro's documents and file

13

their motion was reasonable in light of other competing case obligations, such as conferring and briefing discovery disputes.  [Dkt. 72] at 5, 7 (citing *Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, Civ. No. 11-1588, 2013 WL 12131614, at \*7 (W.D. Pa. Aug. 29, 2013)) (finding sufficient the reasons that plaintiff offered for the four-month delay in seeking leave to amend based on its assertions about the amount of time it took to review 23,000 pages of documents).  Plaintiffs argue that none of the factors supporting a finding of undue delay is present here, since they are not seeking leave to amend "after a motion for summary judgment [has been] filed [and Plaintiffs have] had previous opportunities to amend a complaint, but chose not to do so," "based upon facts known to plaintiff[s] at the time the previous complaint was amended," or to assert a claim that "could have been asserted previously."  [Dkt. 72] at 5, 7 (quoting *Fatir v. Dowdy*, Civ. No. 95-677 (GMS), 2002 WL 2018824 (D. Del. Sept. 4, 2002)).

Delay is "undue," providing grounds for the Court to deny leave to amend, "only when it places an unwarranted burden on the Court, when the movant has had previous opportunities to amend, or when it becomes prejudicial to the opposing party." *Reckitt Benckiser Inc. v. Tris Pharma, Inc.*, Civ. No. 09-3125 (FLW), 2011 WL 4915853, at \*3 (D.N.J. Oct. 17, 2011) (citing *Adams v. Gould*, 739 F.2d 858, 868 (3d Cir. 1984); *Cureton v. NCAA*, 252 F.3d 267, 273 (2001)).

Here, discovery is ongoing, no new end date for discovery has been set, no depositions had yet been conducted at the time that plaintiffs moved to amend, and the Court has just recently directed the parties to meet and confer regarding ESI

14

custodians and search terms. Thus, even though the matter has been pending for some time, it is still in a relatively early procedural stage. *See SEPTA v. Orrstown Financial Services, Inc.*, 335 F.R.D. 54, 75 (M.D. Pa. 2020) (quoting *Cureton*, 252 F.3d at 273) (holding that "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay"). Therefore, the Court does not find that plaintiffs' delay places an unwarranted burden on the Court or that this delay has become prejudicial to Wipro, thereby becoming "undue."

### ii. Prejudice

In that vein, Wipro also argues that adding claims "more than four years into the litigation, nearly two years after Wipro answered the FAC, and more than a year into discovery[,] would unfairly prejudice Wipro." [Dkt. 71] at 15. Plaintiffs respond that Wipro has failed to show that the disparate impact claim would "(1) require [it] to expend significant additional resources to conduct discovery and prepare for trial, [or] (2) significantly delay the resolution of the dispute[.]" [Dkt. 72] at 10 (citing *Altisource S.A.R.L. v. Szumanski*, Civ. No. 21-3293 (RK), 2024 WL 2273136, at *3 (D.N.J. May 20, 2024)).

When considering a motion for leave to amend, "[p]rejudice to the non-moving party is the touchstone for denial of an amendment." *Smith*, 2014 WL 301031, at *8 (quoting *United States Fire Ins. Co. v. Kelman Bottles*, Civ. No. 12-2270, 2013 WL 5303261, at *8 (3d Cir. Sept. 23, 2013)). "[I]n order to demonstrate prejudice, the non-moving party must do more than merely claim prejudice; it must show that it [would be] unfairly disadvantaged or deprived of the opportunity to present facts or

15

evidence." *SEPTA*, 335 F.R.D. at 75 (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)) (internal quotation marks omitted).  "To justify the denial of a motion to amend, the asserted prejudice must amount to more than mere inconvenience to the non-moving party." *Smith*, 2014 WL 301031, at *8 (quoting *Voilas v. General Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997)).  "[F]rustrated expectations [do not] constitute[] undue prejudice sufficient to overcome the Rule 15(a) right to amend a pleading." *Id.* (first two alterations in original) (quoting *Long*, 393 F.3d at 400).

"Generally, courts have not found unfair prejudice when a party moves to amend while discovery is still open." *Id.* (citing *Transweb v. 3M Innovative Properties Co.*, Civ. No. 10-4413 (FSH), 2011 WL 2181189, at *9 (D.N.J. June 1, 2011) (finding no unfair prejudice where the schedule would not be impacted and several months of fact discovery remained); *Leibholz v. Hariri and Celgene Corp.*, Civ. No. 05-5148 (DRD), 2007 WL 2177386, at *6 (D.N.J. July 27, 2007) (granting amendment where discovery was still open and the final pretrial conference had not been set, among other factors)).  "In contrast, '[i]f the proposed amendment requires the reopening of discovery, the prejudice to the non-moving party will be considered greater than if the proposed amendment presents only a new issue of law.'" *Id.* (quoting *Voilas*, 173 F.R.D., at 396); *see also Estate of Pitkin by Pitkin v. Priority Transp., LLC*, Civ. No. 07-288 (KRG), 2008 WL 11511907, at *3 (W.D. Pa. Aug. 21, 2008) (citing cases where undue prejudice was found in matters that had progressed to summary judgment or where discovery had closed).

16

Here, unlike in the cases that Wipro cites, [Dkt. 71] at 15-17, plaintiffs are not "shoehorning" in a completely "new theory" into a case; seeking to add a new defendant and a new claim on entirely distinct legal and factual theories after the close of discovery; seeking to add a completely new theory of liability without any reasonable explanation for not bringing the claim earlier; seeking to add new parties who were known for months; or requesting leave to file a motion to amend a day before the close of fact discovery and weeks after defendant had stated its intention to file a summary judgment motion.[6]  Rather, plaintiffs seek to revive a claim that they already asserted and that the Court dismissed for lack of a facially neutral policy—a policy that they believe they have now identified in discovery. Again, the case is still relatively early in discovery—the Court has yet to set a revised discovery end date and no trial date has been set.

Moreover, plaintiffs have represented that "the data produced already in this case will support" the disparate impact claim, that "the scope of what [plaintiffs] would be seeking would not be enlarged at all by the addition" of the claim, and that "the amendment will not lead to any additional discovery requests from [plaintiffs'] . . . side at all . . . .  [T]he amendments would be captured by what's already been issued."  [Dkt. 72] at 9 n.6; [Dkt. 80] at 5:5-7, 14:8-11.  Indeed, "both []

---

[6]      *See Trunzo v. Citi Mortg.*, 43 F. Supp. 3d 517, 526 (W.D. Pa. 2014); *Williams v. Dzoba*, Civ. No. 09-6355 (KM), 2014 WL 2926506, at *7-8 (D.N.J. June 26, 2014); *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629-631 (3d Cir. 2013); *United States ex rel. McDermott v. Life Source Servs., LLC*, Civ. No. 19-15360 (ES), 2023 WL 2238550, at *4, *6 (D.N.J. Feb. 27, 2023); *Ramirez-Rodriguez v. W. New York Bd. of Educ.*, Civ. No. 18-17081 (JXN), 2022 WL 2158965, at *1 (D.N.J. June 15, 2022).

disparate treatment and disparate impact claims can be proven using the same statistical showing." *Rabin v. PricewaterhouseCoopers LLP*, Civ. No. 16-2276 (JST), 2017 WL 11662124, at *2 (N.D. Cal. Apr. 17. 2017).  Plaintiffs have indicated that they are already undertaking statistical analyses in the context of their disparate treatment claim, and accordingly have represented that the expert discovery landscape for disparate impact "wouldn't look any different."  [Dkt. 80] at 14:15-23.  The Court agrees that the need for additional discovery will be marginal at most.

Thus, although it may result in some inconvenience, the Court concludes that Wipro has failed to show that permitting plaintiffs to revive their disparate impact claim would "unfairly disadvantage[ Wipro] or deprive[ it] of the opportunity to present facts or evidence."  *SEPTA*, 335 F.R.D. at 75; *see also Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (determining that there was no undue prejudice where the defendant's "claims of prejudice rest solely on the need to redraft its motion for summary judgment and the possibility that some additional discovery will be required").

Finally, Wipro argues that it will expend costs in filing another motion to dismiss, which may cause some additional delay in the matter.  But that is entirely Wipro's decision; moreover, as plaintiffs note, Wipro has already briefed much of the merits of the proposed disparate impact claim in arguing that amendment is futile and in its previous motion to dismiss.  [Dkt. 72] at 9-10.  Wipro may, if it chooses, move to dismiss the disparate claim once again, this time addressing the Global Rotation Policy.  That additional effort is not unduly prejudicial.  *See Biwen Liang*

18

*v. Home Reno Concepts LLC*, Civ. No. 17-3503 (SJB), 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) (granting leave to amend and noting that defendants may move to dismiss the amended complaint, stating that "[a]s to being unduly prejudiced . . . justice may require some repetition of effort and . . . much of the work already done likely can be resubmitted with minimal additional expense and effort").

### iii. <u>Futility</u>

Wipro also argues that the Court should deny plaintiffs leave to amend because the new allegations are legally futile.

Where a proposed amendment is opposed on futility grounds, the Court applies "the same standard of legal sufficiency as applies under [a] Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. Importantly, however, "[t]his does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim," but just requires "that the newly asserted [claim] appear[s] to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Rodsan v. Borough of Tenafly*, Civ. No. 10-1923 (MAS), 2011 WL 2621016, at *17 (D.N.J. June 30, 2011) (second alteration in original) (quoting *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990)).

In their proposed disparate impact claim, plaintiffs allege that the Global Rotation Policy is facially neutral, in that it mandates rotation of tenured visa employees into U.S. roles from offshore, and that the fact that visas can be used to

19

bring employees from almost every country to the U.S. for work "reflects the facial neutrality of this policy." [Dkt. 68] at 23. Plaintiffs argue that because the "vast majority of employees for whom Wipro seeks a visa are from India," the Global Rotation Policy results in visa employees who are predominantly South Asian and Indian being rotated into U.S. roles, which results in locally-hired U.S. employees, who are predominantly non-South Asian and non-Indian, being rotated out of roles and ultimately terminated, resulting in a disparate impact on non-south Asians and non-Indians. [Dkt. 68] at 23-24.

Under the liberal standard in favor of granting motions to amend, the Court concludes that plaintiffs' disparate impact claim "appear[s] to be sufficiently well-grounded in fact [and] law that it is not a frivolous pursuit." *See Rodsan*, 2011 WL 2621016, at *17. Plaintiffs note that the Court previously dismissed this claim upon determining that they had not identified a facially neutral policy or practice that had a discriminatory impact. [Dkt. 68] at 22-23 (citing [Dkt. 25] at 17). Plaintiffs now assert that they can identify such a policy or practice. If Wipro believes that the Global Rotation Policy has no legal impact on the Court's dismissal order, it may reassert the arguments it made in its prior motion to dismiss. *See Biwen Liang*, 2018 WL 1401801, at *3 (granting leave to amend and permitting defendants to renew their motions to dismiss, noting that defendants "are in no worse position because they may assert any legal arguments in a motion to dismiss the . . .

20

[a]mended [c]omplaint"). The Court here expresses no view on the ultimate resolution of a future motion to dismiss the disparate impact claim.[7]

## III.    CONCLUSION

For the reasons stated, it is on this 10th day of December, 2024,

ORDERED that plaintiffs' motion for leave to file a second amended complaint [Dkt. 67] is GRANTED in part and DENIED in part; and it is further

ORDERED that plaintiffs' motion to add a claim for citizenship discrimination under Section 1981 is DENIED; and it is further

ORDERED that plaintiffs' motion for leave to amend their complaint to add a claim for disparate impact under Title VII is GRANTED; and it is further

ORDERED that on or before December 17, 2024, plaintiffs may file a second amended complaint, in conformance with this Memorandum Order, adding only their claim for disparate impact; and it is further

ORDERED that the parties shall meet and confer and, no later than January 10, 2025, file via CM/ECF an agreed-upon proposed amended pretrial scheduling order through dispositive motion practice.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

---

[7]    If it elects to file a motion to dismiss any part of the second amended complaint, Wipro is reminded to follow the District Judge's individual preferences for doing so.