**GIBSON DUNN**

January 14, 2025

Greta B. Williams
Partner
T: +1 202.887.3745
gbwilliams@gibsondunn.com

Seton Hartnett O'Brien
Associate
T: +1 212.351.6259
SOBrien@gibsondunn.com

The Honorable Georgette Castner
United States District Court for the District of New Jersey
402 East State Street
Trenton, NJ 08608

Re:   *MacLean et al. v. Wipro Limited*, No. 3:20-cv-03414 (GC) (JBD)

Dear Judge Castner:

Pursuant to Your Honor's Judicial Preferences, Defendant Wipro Limited ("Wipro") respectfully submits this letter to request a pre-motion conference concerning its motion to dismiss the Second Amended Complaint.

## I.   Plaintiffs' Allegations And Claims

Defendant Wipro is a professional services company that provides information technology and consulting services to customers worldwide. Dkt. 83 ("SAC") ¶ 1. Plaintiffs are five former Wipro employees who allege that Wipro discriminated against them because they are neither South Asian nor Indian. Plaintiffs allege that Wipro explicitly prefers South Asians in "employment decisions, including hiring, promotion, and termination decisions." SAC ¶¶ 82, 87. Plaintiffs also allege that Wipro's "policies and practices related to hiring, promotion, and termination" have a "disparate impact" on non-South Asian and non-Indian employees. *Id.* ¶ 92. Plaintiffs identify the Global Rotation Policy as one such policy that allegedly causes a disparate impact. *Id.* ¶ 92. Under this policy, Plaintiffs allege, "visa employees"—who are "predominantly South Asian and Indian"—are "rotated from offshore into U.S. positions." *Id.* ¶ 25. "[L]ocally-hired employees"—who are "predominantly non-South Asian and non-Indian"—are allegedly "rotated out of U.S. roles to make positions available for visa employees," placed on the "bench" (a "non-productive status"), and "ultimately terminated." *Id.* ¶¶ 16, 25.

Plaintiffs raise three claims on behalf of themselves and a putative class. Plaintiffs assert claims for (1) disparate treatment on the basis of race in violation of Section 1981, (2) disparate treatment on the basis of race and national origin in violation of Title VII, and (3) disparate impact on the basis of race and national origin in violation of Title VII. *See* SAC ¶¶ 80–93.

## II.   Procedural History

Plaintiffs filed this lawsuit on March 30, 2020 and filed their First Amended Complaint ("FAC") on June 1, 2020. On September 29, 2022, the Court granted in part and denied in part Wipro's motion to dismiss Plaintiffs' FAC. Dkt. 25 ("MTD Op."). The Court held that Plaintiffs failed to state a disparate impact claim because they "fail to allege a <u>facially neutral</u> employment practice" and their allegations "sound in disparate treatment, as opposed to disparate impact." *Id.* at 16. The Court explained that none of the "allegedly discriminatory employment practices" that Plaintiffs identified "are facially neutral." *Id.* at 22. "Rather, the allegations suggest that these practices have been enacted and enforced by Wipro to carry out the company's preference for

South Asian and Indian workers." *Id.* Accordingly, the Court dismissed Plaintiffs' disparate impact claim. In addition, the Court held that the "Title VII disparate treatment claims asserted by" Plaintiffs James Gibbs and Rick Valles are "time barred." *Id.* at 29–30.

On July 26, 2024, Plaintiffs filed a motion for leave to amend. On December 10, 2024, Magistrate Judge J. Brendan Day granted Plaintiffs leave to amend their complaint to add a disparate impact claim under Title VII. *See* Dkt. 81. But Judge Day "expresse[d] no view on the ultimate resolution of a future motion to dismiss the disparate impact claim." *Id.* at 21. On December 17, 2024, Plaintiffs filed the Second Amended Complaint ("SAC"). Dkt. 83.

### III.   Plaintiffs' Disparate Impact Claim Should Be Dismissed

#### A.  Plaintiffs Fail To State A Disparate Impact Claim

The SAC fails to state a disparate impact claim for the same reasons that the Court previously dismissed Plaintiffs' disparate impact claim in the FAC—Plaintiffs' allegations "sound in disparate treatment, as opposed to disparate impact." MTD Op. at 16. To survive a motion to dismiss, a plaintiff asserting a disparate impact claim must allege that "a facially neutral policy affects members of a protected class in a significantly discriminatory manner." *Healey v. Southwood Psychiatric Hosp.*, 78 F.3d 128, 131 (3d Cir. 1996). Plaintiffs' re-pleaded disparate impact claim, again, fails to meet that standard.

The SAC cites the same alleged "practices related to hiring, promotion, and termination" that allegedly have "a disparate impact on the basis of national origin and race," as Plaintiffs cited in their FAC—and which the Court found insufficient to state a claim. *Compare* SAC ¶ 92, *with* Dkt. 6 ¶ 91. The SAC merely adds the Global Rotation Policy as an example of these "hiring, promotion, and termination" practices that allegedly cause a disparate impact. *See* SAC ¶ 92. But the Court did not find "the practices to lack specificity or to be too 'generic,'" MTD Op. at 19; the Court found the FAC "allege[s] that, with those policies, Wipro intentionally discriminated against non-South Asians and non-Indians," *id.* This fatal deficiency in the FAC remains in the SAC.

The allegations underlying Plaintiffs' disparate impact claim concern the same employment practices cited elsewhere in Plaintiffs' pleading as allegedly discriminatory practices that intentionally "favor . . . South Asians" and amount to disparate treatment. SAC ¶ 17. Plaintiffs allege that the Global Rotation Policy, through its "preference for visa workers," has a disparate impact on non-South Asian and non-Indian employees. *Id.* ¶ 25. But the SAC alleges that Wipro's purported preference for visa workers is rooted in *intentional* discrimination. Specifically, Plaintiffs allege that "[t]o <u>fulfill its employment preference for</u> South Asians and Indians, Wipro seeks to maximize the number of visas it receives each year" and provides "[a]ll, or substantially all" of those visas to South Asian and Indian individuals. *Id.* ¶¶ 19–20 (emphasis added). Plaintiffs further allege that "Wipro's South Asian and Indian visa-ready individuals are <u>given preference for</u>" "open positions in the U.S." *Id.* ¶ 20 (emphasis added). Thus, according to Plaintiffs' own allegations, Wipro "intentionally secures visas for South Asian and Indian

**GIBSON DUNN**

January 14, 2025
Page 3

individuals" and then rotates "visa workers to staff U.S. positions," "thereby deliberately discriminating against non-South Asians and non-Indians." MTD Op. at 20. These allegations "suggest" that Wipro's alleged rotation "practices have been enacted and enforced by Wipro to carry out the company's preference for South Asian and Indian workers," which "do[es] not amount to . . . disparate impact." *Id.* at 22. Because Plaintiffs' allegations concerning the Global Rotation Policy sound in disparate treatment, they cannot form the basis for a disparate impact claim. Plaintiffs thus fail to state a disparate impact claim. *See, e.g.*, *Fields v. Am. Airlines, Inc.*, 2021 WL 4306021, at *13–14 (E.D. Pa. Sept. 22, 2021) (dismissing disparate impact claim because allegations "suggest facially discriminatory treatment," which "does not support a claim for disparate impact"); *Rauceo v. Phila. Gas Works*, 2020 WL 550613, at *3 (E.D. Pa. Feb. 3, 2020) (dismissing disparate impact claims in light of allegations that defendant "purportedly applied" the challenged policy "in a deliberately discriminatory fashion").

### B. Plaintiffs' Disparate Impact Claim Fails For Lack Of Standing

Plaintiffs' disparate impact claim should also be dismissed for lack of standing. "To have standing to bring a disparate impact claim challenging" Wipro's Global Rotation Policy, Plaintiffs must show that they were injured "because of" that policy. *McCutchen v. Sunoco, Inc.*, 2002 WL 1896586, at *6 (E.D. Pa. Aug. 16, 2002). Plaintiffs cannot make this showing, as they fail to allege any facts demonstrating that they personally suffered any injury because of that policy. To the contrary, the Global Rotation Policy's "Effective Date" is "July 2023" (SAC, Ex. 1 at 1)—which was years after Plaintiffs left Wipro. Indeed, the last date of employment with Wipro of any of the named Plaintiffs was February 26, 2020 (SAC ¶¶ 33, 41, 51, 59, 68)—more than three years before the Effective Date of the Global Rotation Policy. Plaintiffs could not have been injured by—and thus lack standing to challenge—a rotation policy that "went into effect years after" their employment at Wipro ended. *Neary v. Gruenberg*, 730 F. App'x 7, 11 (2d Cir. 2018) (dismissing disparate impact claim for lack of standing because the challenged policy "went into effect years after [plaintiff] applied for and was denied a job"); *see Verney v. Dodaro*, 872 F. Supp. 188, 194 (M.D. Pa. 1995) (plaintiff lacks standing to challenge a "promotional policy" where "[plaintiff] has not suffered any injury through its application").

### C. Gibbs and Valles' Title VII Disparate Impact Claims Are Time-Barred

Even if Plaintiffs had standing and could state a claim (which they do not), the disparate impact claims asserted by Gibbs and Valles still fail because they are time-barred. Under Title VII, "[i]f a charge is not filed within 300 days of the alleged unlawful employment practice, the claim is time-barred." *Urban v. Bayer Corp. Pharm. Div.*, 2006 WL 3289946, at *3 (D.N.J. Nov. 13, 2006). Valles and Gibbs filed their EEOC charges in February 2020 (Dkts. 22-5, 22-7), which was more than five years after their terminations from Wipro in 2015 (*see* SAC ¶¶ 41, 59)—and well outside the 300-day limitations period. *Chandler v. Media*, 2015 WL 5822263, at *2 (D.N.J. Oct. 1, 2015). This Court has already held that "the individual Title VII claims asserted by Gibbs and Valles are time barred." MTD Op. at 29. Nothing in the SAC "calls for a different ruling," and the Court's determination that Gibbs's and Valles's Title VII claims are untimely "stands as [the] law of the case." *Pajak v. Potter*, 2009 WL 1883982, at *3 (D.N.J. June 30, 2009).

**GIBSON DUNN**

January 14, 2025
Page 4

Respectfully submitted,

_____  
Seton Hartnett O'Brien

_____  
Greta B. Williams

cc: All counsel of record (via ECF)