January 21, 2025

<u>VIA CM/ECF</u>
Honorable Georgette Castner
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re:    ***MacLean, et al. v. Wipro Limited*, No. 3:20-3414-GC-JBD**
> **Plaintiffs' Response to Wipro's Request for a Pre-Motion Conference**
> **Concerning Its Motion to Dismiss the Second Amended Complaint**

Dear Judge Castner:

In opposing Plaintiffs' Motion for Leave to File a Second Amended Complaint ("SAC"), Defendant Wipro Limited ("Wipro") argued to Judge Day that the Court had previously dismissed Plaintiffs' disparate impact claim "with prejudice" and that, in any event, Plaintiffs seek to "re-litigate issues the Court already decided" through their proposed allegations concerning Wipro's Global Rotation Policy. *See* Dkt. 71 at 5, 17-18. Judge Day rejected both arguments, and granted Plaintiffs' leave to amend to add a disparate impact claim. Dkt. 81. In its letter requesting a pre-motion conference concerning its motion to dismiss the SAC, Wipro no longer argues that the Court previously dismissed Plaintiffs' disparate impact claim "with prejudice," but claims that Plaintiffs are essentially re-litigating the Court's prior disparate impact decision. Dkt. 89 at 2-3. But the facially-neutral Global Rotation Policy at the heart of Plaintiffs' disparate impact claim (*see* SAC ¶¶ 24-25 (Dkt. 83)) was never before addressed by the Court. Wipro nonetheless argues that this policy is "rooted" in or is otherwise "suggest[ive]" of the very same discriminatory animus Plaintiffs allege in the separate and distinct disparate treatment portion of the SAC, which is not an allegation of Plaintiffs, but rather, is an unalleged (and unsupported) finding Wipro wants the Court to make. Dkt. 89 at 2. Contrary to Wipro's argument, the Global Rotation Policy has an expressly non-discriminatory purpose directed at career progression and tenure in role, and is precisely the type of facially-neutral policy appropriate for a disparate impact challenge. Dkt. 83 ¶ 24.

If the Court were to accept that a neutral policy with an expressly non-discriminatory purpose can implicitly be "rooted" in or "suggest[ive]" of discriminatory intent (notwithstanding Plaintiffs' allegations to the contrary), the practical effect of Wipro's argument is that the Court's prior motion to dismiss order was in fact *with prejudice*, as there could never be a facially neutral policy that meets the disparate impact threshold, given that Plaintiffs also allege in different paragraphs of the same complaint that Wipro engages in intentional discrimination. That is simply not the law. *See Horowitz v. AT&T, Inc.,* No. 17-4827 (BRM) (LHG), 2019 U.S. Dist. LEXIS 229594, at *24-25 (D.N.J. Aug. 29, 2019) (denying motion to dismiss disparate impact claim where separate allegations supported plaintiff's disparate treatment and disparate impact claims).

Wipro's other argument, that Plaintiffs lack standing, is similarly misplaced as Plaintiffs plead that they were specifically injured as a result of the facially neutral Global Rotation Policy, which was in existence dating back to November 2012. Dkt. 83 ¶¶ 24-25, 30-31, 33, 39-41, 50-51, 68; Dkt. 83-1 at 386-87.[1]

Given the infirmities of Wipro's motion to dismiss arguments, Plaintiffs respectfully submit that neither the Court nor the parties need to devote time and resources to another Motion to Dismiss.

A.    **Contrary to Wipro's Argument, the Global Rotation Policy s Not Alleged To Be "Rooted" In Or "Suggest[ive]" Of Intentional Discrimination.**

In seeking to dismiss Plaintiffs' disparate impact challenge to Wipro's Global Rotation Policy, Wipro argues that the policy is "rooted" in intentional discrimination and that Plaintiffs' allegations "suggest" that the policy was carried out for intentionally discriminatory purposes. Dkt. 89 at 2-3. Wipro cites two paragraphs from the disparate treatment portion of Plaintiffs' SAC to try to impute discriminatory intent to Plaintiffs' Global Rotation Policy allegations. *Compare* Dkt. 83 ¶¶ 19-20 (Plaintiffs' disparate treatment allegations cited by Wipro), *with id.* ¶¶ 24-25 (Plaintiffs' Global Rotation Policy disparate impact allegations). Wipro's argument fails for two reasons.

First, Wipro does not address the specific allegations concerning the Global Rotation Policy—a policy that is not only facially neutral, but that has an explicit non-discriminatory purpose, as Plaintiffs allege. *Id.* ¶ 24 ("Wipro has a Global Rotation Policy with the stated purpose of 'ensuring that more and more associates have the option to get exposed to new customers, technologies, and [to] build their careers and experience.'"). To accomplish its non-discriminatory purpose, employees who are in roles for 18 to 36 months (depending on job level) "are encouraged to apply to open positions matching their skill set on Wipro's online portal that they can be rotated into" and "offshore" visa holders in roles for 18 to 24 months are "automatically included in the rotation activity," provided they meet a minimum performance appraisal threshold. *Id.* While the Global Rotation Policy's purpose is non-discriminatory, in practice it has a discriminatory effect: non-South Asians and non-Indians are rotated out of roles and disproportionately placed in a non-productive status ("benched") if no suitable jobs are available in Wipro's online portal. *Id.* ¶ 25. Employees who are rotated out of roles and remain on the bench for too long are fired at disproportionate rates, which disproportionately impacts non-South Asians and non-Indians. *Id.*

The Global Rotation Policy, *with its stated purpose of advancing careers and its focus on tenure in role*, is a text-book example of a facially neutral policy appropriate to support a disparate impact claim. *See Bartell v. Cmty. Coll. of Phila.*, No. 2:19-cv-6056, 2021 U.S. Dist. LEXIS 76496, at *12 (E.D. Pa. Apr. 21, 2021) ("A facially neutral employment policy is one that does not classify employees based on [race, national origin,] or other protected categories."). Wipro fails to address

---

[1] Plaintiffs do not dispute that Plaintiffs Gibbs and Valles' Title VII disparate impact claims are time barred. *See* Dkt. 89 at 3; Dkt. 25 at 29.

the facial neutrality of the policy in its letter, reflecting the legal infirmities of its disparate impact dismissal argument. *See* Dkt. 89.

Second, rather than addressing the career-advancement, tenure-in-role purpose of the Global Rotation Policy, Wipro instead seeks to impute discriminatory animus alleged in the disparate treatment portion of the SAC to the disparate impact portion of the SAC (Dkt. 83 ¶¶ 24-25). Specifically, Wipro seeks to have the Court find that the Global Rotation Policy is "rooted" in and "suggest[ive]" of intentional discrimination, when in fact Plaintiffs explicitly allege that the policy has a non-discriminatory purpose and is otherwise facially neutral. *Id.* ¶ 24. If Wipro were in fact allowed to move again to dismiss Plaintiffs' complaint, it would have to accept as true Plaintiffs' allegations.[2] And by predicating its argument on what exactly the allegations are "suggest[ive]" of or what the facially-neutral policy is "rooted" in, while otherwise ignoring the specific allegations set forth in Paragraphs 24 and 25 of the SAC, Wipro is seeking to file a motion that on its face is fatally defective.

Further, even if Plaintiffs' allegations did sound in both disparate impact and disparate treatment, "the law permits [Plaintiffs] to argue disparate impact and disparate treatment as alternative theories of liability based on the same set of facts" and "[P]laintiffs can[] state a disparate impact claim based on a facially neutral policy that is also alleged to be pretext for discrimination." *Paine v. IKEA Holdings US, Inc.*, No. 2:19-cv-00723, 2020 U.S. Dist. LEXIS 11051, at *8-10 (E.D. Pa. Jan. 23, 2020). The cases cited by Wipro are inapposite because each alleged a "facially neutral" policy that explicitly sorted employees based on a protected category, "which does not support a claim for disparate *impact*." *Fields v. Am. Airlines, Inc.*, No. 19-903, 2021 U.S. Dist. LEXIS 180615, at *37-38 (E.D. Pa. Sept. 22, 2021) (cited by Wipro).

## B.    Plaintiffs Have Standing to Bring a Disparate Impact Claim.

Wipro claims that Plaintiffs lack standing to bring their disparate impact claim based on Wipro's Global Rotation Policy because they were terminated prior to the policy's "effective date," Dkt. 89 at 3, but the policy's Revision History indicates that it has been in effect since November 1, 2012—well before Plaintiffs were terminated. *See* Dkt. 83-1 at 386-87.[3] And, with the exception of Plaintiff Gibbs, Plaintiffs specifically allege that they were injured as a result of this policy, which resulted in them either being rotated from roles, benched, and terminated, or, if already benched, not considered for roles and terminated. Dkt. 83 ¶¶ 24-25, 30-31, 33, 39-41, 50-51, 68; *see Branson v. IKEA Holdings US*, No. 20-5556, 2021 U.S. Dist. LEXIS 180616, at *4-5 (E.D. Pa. Sept. 22, 2021) (to establish standing, plaintiff must allege that he or she suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant).

---

[2] *See Darden-Munsell v. Dutch Maid Logistics*, No. 10-103, 2011 U.S. Dist. LEXIS 84569, at *4 (W.D. Pa. July 13, 2011) ("A motion to dismiss . . . must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.")

[3] In *Neary v. Gruenberg*, cited by Wipro, the challenged policy "went into effect years after [plaintiff] applied for and was denied a job." 730 F. App'x 7, 11 (2d Cir. 2018).

Respectfully submitted,

/s/ Jonathan Rudnick
Jonathan Rudnick
Daniel Kotchen (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)

*Attorneys for Plaintiffs and Putative Class*

CC: All Counsel of Record via CM/ECF