UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY MACLEAN, RICK VALLES, ARDESHIR PEZESHKI, JAMES GIBBS, and RONALD HEMENWAY, *individually and in their representative capacities*, <br><br> Plaintiffs, <br><br> v. <br><br> WIPRO LIMITED, <br><br> Defendant. | Civ. No. 20-03414 (GC)(JBD) <br><br> **ORDER** |

    Before the Court is a joint letter dated January 27, 2025 outlining the parties' dispute over the number and selection of defendant's document custodians, whose files will be searched for electronically stored information ("ESI") responsive to plaintiffs' document requests. [Dkt. 97.] The Court has reviewed and considered the parties' arguments set forth in that letter and the index and exhibits appended to it. Consistent with Rule 26(b), the Court has balanced plaintiffs' need for sufficient ESI relevant to the claims and defenses in this action against the burden on defendant in collecting, reviewing, and producing ESI, along with the Court's assessment of the needs of this particular case in light of the roles and proffered relevance of the parties' proposed custodians and the likelihood that they will have unique and non-cumulative information. Exercising its broad discretion to regulate discovery, the Court concludes that using a total of 26 custodians strikes an appropriate balance. The parties have agreed upon ten custodians already, so

sixteen more must be selected.[1]  Given the parties' disagreement about the custodians most likely to have relevant ESI responsive to plaintiffs' discovery requests, the Court concludes that it is appropriate to afford each party the opportunity to select custodians from their index to arrive at sixteen total additional custodians, with plaintiffs selecting ten and defendants selecting six.  That collective approach, in the Court's judgment, will be most likely to identify the custodians with relevant, unique, and non-cumulative ESI that covers both plaintiffs' class-based discovery requests and those requests focused on their individual claims.[2]  The Court also concludes, as a general matter, that none of the proposed custodians or business units in the parties' index is clearly irrelevant, objectionable, or unlikely to have unique ESI.  Accordingly, to the extent that defendant asks the Court categorically to preclude plaintiffs' from obtaining ESI from executives, business unit heads, or any particular business unit, that request is denied.  (But see next paragraph.)

---

[1]     The January 27 joint letter includes a dispute about whether the parties have agreed to ten or fifteen custodians.  [Dkt. 97] at 6, 13.  Unwilling to continue pondering the parties' mind-bending inability to agree upon what they agree upon, the Court starts from the premise of ten agreed-upon custodians.

[2]     To ensure that plaintiffs obtain sufficient class discovery in support of their pattern and practice claims, the Court believes that affording plaintiffs the ability to select a few more custodians than defendant is fair and proportional to the needs of this case.  *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, Civ. No. 12-05275 (LDW), 2015 WL 5055241, at *3-4 (D.N.J. Aug. 21, 2015) (allowing plaintiffs to select ten additional custodians where additional custodians "d[id] not seem disproportionate to the size and scale of the action" and appeared likely to provide relevant, noncumulative information).

A word of caution. Because discovery involves balancing competing interests and burdens, it is an inevitable truth that not every document relevant to the parties' claims and defenses will be exchanged in discovery in this case. Moreover, the selection of appropriate custodians involves some predictive judgment about the custodians most likely to have the most relevant ESI—predictions that the parties are in the best position to make. As previously discussed with counsel, the Court will address on an ongoing basis how to deal with issues regarding document retention, backup data, and the like. Necessarily, then, the protocol that the Court adopts today is subject to revisitation and modification as the need may arise. With that said, however, the Court will not permit custodian supplementation simply because a party is dissatisfied with its choices. The parties should prioritize their custodian selections accordingly.

For the reasons stated and upon good cause shown,

**IT IS** on this **4th** day of **April, 2025**, hereby

**ORDERED** that a total of twenty-six (26) custodians shall be used to search for ESI responsive to plaintiffs' document requests, inclusive of the ten custodians already agreed upon. Plaintiffs shall select ten additional custodians and defendant shall select six additional custodians from those proposed in the parties' index [Dkt 97-1]. In the event that the parties select a common custodian, the parties shall alternate selecting additional custodians, starting with plaintiff, then defendant, until all sixteen additional custodians have been selected.

**IT IS FURTHER ORDERED** that on or before **April 18, 2025**, the parties shall file via CM/ECF a joint letter confirming that they have selected the 26 custodians—the Court does not need to know who they are—and apprising the Court of anticipated next steps and timing for the collection, review, and production of ESI.

**IT IS FURTHER ORDERED** that the Court will hold a telephone status conference on **July 2, 2025** at **2:00 p.m.**; dial-in information will be provided to counsel.  No later than three (3) business days before the telephone status conference, the parties shall file a joint letter via CM/ECF, not to exceed three (3) pages, that summarizes the status of discovery and identifies any issues ripe for discussion with the Court.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

4