June 27, 2025

**VIA CM/ECF**
Honorable J. Brendan Day
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re: Joint Letter re *MacLean, et al. v. Wipro Limited*, No. 3:20-3414-GC-JBD**

Dear Judge Day:

In accordance with the Court's April 4, 2025 order (Dkt. 98), Plaintiffs and Defendant Wipro Limited ("Wipro") hereby submit this joint letter to update the Court regarding the status of discovery, bring a discovery dispute to the Court's attention, and to request an approximately six-month extension to the case schedule.

**Update Regarding the Status of Discovery**. The parties reached agreement on a list of 26 custodians on April 18, 2025, pursuant to the Court's Order (Dkt. 98). Wipro has completed collection of O365 custodial emails for all custodians and is completing its individualized investigation of the non-email custodial ESI available for all 26 custodians.

**The Parties' Dispute Over Lost/Deleted ESI and Backups**. On June 11, 2024, the Court directed the parties to "meet and confer to select appropriate custodians and search terms, during and after which the parties shall discuss whether relevant requested documents and/or data belonging to those custodians may have been lost or deleted and, if so, whether backups of that ESI exist." Dkt. 63 at 1-2. The parties conferred about ESI and backups on June 12, 2025 and dispute whether Wipro should disclose the existence of custodial backups at this juncture.

Plaintiffs' Position. Plaintiffs have been seeking information about Wipro's backups, ESI preservation efforts (here and in *Phillips*), and lost or destroyed ESI since July 2023. The parties have selected custodians and Wipro is collecting their custodial emails and other ESI. Accordingly, there is no reason to delay discussion of what backups exist for the relevant custodians. When pressed on the status of backups, Wipro has repeatedly asserted—most recently on June 12, 2025—that it has no reason to believe that custodial ESI has been lost or destroyed, such that collecting backups would be necessary. But Plaintiffs know that documents have been deleted (or removed from email inboxes and saved as .pst files) because Wipro's email inbox policies that had strict size limits throughout the relevant time period made such deletion (or removal) necessary.[1] Wipro's custodial email productions in *Phillips*—where backups (and, to Plaintiffs' knowledge, .pst files) were not searched—further illustrate why Wipro's claim is not plausible. Notably, Wipro's custodial productions in *Phillips* omitted metadata showing dates of emails,

[1] *See* Jt. Ltr. at 6 (Mar. 1, 2024) (submitted via email) (describing extreme size limitations on employee inboxes and Wipro's disclosure that employees have the ability to download their email inboxes as .pst files).

making impossible a full-scale analysis of when the emails produced in that matter were created. However, Plaintiffs manually catalogued email date information for several exemplary custodians, and found gaps in certain years indicating that emails from those time periods had to have been lost or deleted. For example. Wipro produced 404 emails from Rajan Raghunath, its Global Director of HR from February 2016 through August 2018, of which 281 were dated in 2017, 122 were dated in 2018, and *just one* was from 2016, despite Mr. Raghunath having been employed by Wipro in a key role for most of that year. Absent loss or destruction of emails, there is no plausible reason that a Global Director of HR would produce only one responsive email over an approximately 11-month period. As another example, Wipro produced 1,423 emails from the custodial files of Sunita Cherian, SVP of HR—also a custodian and this matter—of which *just sixteen* were dated in 2014 (compared to, e.g., 489 in 2017). That discrepancy can again only be explained by the loss or deletion of emails.

For the first time, Wipro disclosed to Plaintiffs this afternoon when providing edits to this joint letter, that it is now in the process of exploring the availability of .psts and backups for individual custodians, and that its custodial email collection excluded .psts. Wipro previously committed to Plaintiffs that it had completed all "custodial email collection," but, in responding to Plaintiffs' arguments today, disclosed that it is now exploring which "devices" issued to custodians—on which .psts would be stored—are in fact available for collection. As of 6:46 p.m. this evening, Wipro inserted an important qualifier in the discovery update above as to which custodial emails it has actually completed collection: "O365 custodial emails." That is, Wipro indicated that it limited its collection to server-based emails, and excluded emails stored in .psts, where a significant percentage of custodial emails are likely to have been stored. No legitimate reason exists as to why Wipro's initial ESI collection efforts would exclude .psts, which is where custodians stored emails on individual devices given storage size limitations. Also, Plaintiffs and Wipro first agreed to 14 custodians on January 22, 2025, and there is no reason why it should take so long for Wipro to provide specifics on the availability of backups. Plaintiffs are gravely concerned that Wipro is proceeding unilaterally with ESI collection efforts without collecting .psts and backups precisely so as to avoid having to search these critical repositories for responsive documents. Older, responsive documents contained in these repositories will have been created without litigation pending (unlike more recent documents) and will likely be highly probative of corporate intent.

Accordingly, and as required by the Court's earlier Order, Plaintiffs respectfully request that the Court require Wipro to disclose on a rolling basis information about the status and collection efforts of .psts and backups for individual custodians, so that Plaintiffs can ensure that .psts and backups are included in the corpus of documents given to vendors.

<u>Wipro's Position</u>. Wipro's position is that this issue is not ripe for the Court's consideration. Plaintiffs assertions are inaccurate and conclusory and appear designed to cast aspersions on Wipro. Plaintiffs also mischaracterize what Wipro has repeatedly told them. Wipro's counsel has consistently assured Plaintiffs that Wipro will meet and confer regarding available backups for each custodian as ordered by the Court after Wipro's individualized investigations into each

custodian's available data is complete. Based on the Court's order, those investigations necessarily include both (i) whether relevant requested documents and/or data may have been lost or destroyed and (ii) whether backups exist if so. That Wipro is investigating these issues is not new information, and it is not accurate to say that Wipro disclosed this to Plaintiffs for the first time on June 27, 2025, and at no point in time has Wipro told Plaintiffs' counsel that the custodial email collection excluded .psts. Wipro started its collection efforts with O365 accounts, which are the most readily accessible source of custodial information and the source likely to contain the largest volume of data. Wipro has collected over 13 terabytes of data from that source, and has simultaneously been investigating other sources, including retired devices.

The investigations are ongoing and are not straightforward. Custodians were placed on litigation holds at different times, migrated from on-premises Microsoft Outlook to Microsoft Office 365 at different times (if at all), and have received new company-issued devices at different times. Some aspects of the investigation require Wipro to travel to different warehouse spaces to confirm that previously issued devices are still available. The Court rightly anticipated that the investigation into these issues would be intensive, and declined to order Wipro to conduct any individual investigations until custodians had been selected. 6/4/24 Hr'g Tr. 21:12-22:8. Custodians were not finalized until April 18, 2025. The Court also noted that these discussions would be ongoing. Dkt. 98 at 3. As Wipro has told Plaintiffs' counsel in meet and confer exchanges, Wipro will confer as ordered by the Court but cannot do so until its individualized investigations into available backups for each custodian are complete. The custodial data collected for the 26 custodians to date is being processed by the new eDiscovery vendor. Wipro has been simultaneously conducting investigations about the available backups for each custodian now that custodians have been identified. As Wipro has told Plaintiffs' counsel, providing piecemeal information about these investigations before they are completed is not productive—as evidenced by counsel's latest mischaracterization of the information Wipro has provided to date. Plaintiffs' position above reflects a misunderstanding of Wipro's updates about the status of collection efforts thus far, but that does not transform this issue into a dispute that is ripe for the Court's consideration.[2]

**Joint Request to Extend Case Deadlines**. The parties jointly seek an extension of the case deadlines due to (1) the time it took the parties to negotiate custodians (which involved briefing the issue), and (2) delays related to Wipro's e-discovery vendor. As to the first issue, on January 10, the parties submitted the current case schedule, which set a fact-discovery cutoff of October 15, 2025. When the parties proposed that schedule, they did not anticipate that it would take more

---

[2] Wipro is aware that this Joint Letter exceeds the 3-page limit expressly ordered by the Court (Dkt. 98) and provides the following information for the Court's awareness: Wipro repeatedly reminded Plaintiffs of that limit. Plaintiffs' counsel insisted that the page limit did not include the parties' joint request to extend case deadlines, despite the fact that the extension request is directly related to the status of discovery. Wipro's counsel tried to work in good faith to file a joint letter that comports with the Court's explicit directive, but Plaintiffs' counsel continued to expand Plaintiffs' section of the letter late into the evening, and so Wipro consented to filing this letter to ensure a timely filing.

than three months to finalize a list of custodians. The parties ultimately had to bring that issue to the Court. *See* Jt. Ltr. (Jan. 27, 2025) (submitted via email). On April 4, the Court ruled on the dispute, and the parties arrived at a final list of custodians on April 18, 2025. Dkts. 98, 99.

With regard to the second issue, Wipro has experienced unforeseen delays with its eDiscovery vendor since the parties' last joint letter update (Dkt. 99). As a result, Wipro is now transferring all data previously in the custody of its old vendor (over 65 terabytes of data) to a new vendor, and Wipro anticipates that the transfer will be completed in mid-August. The new vendor is also processing recently-collected data from the 26 agreed-upon custodians. Based on current information available, Wipro anticipates that the process will be complete by mid-August—though Wipro is working with its old and new vendors to see if that timeline can be accelerated. After the transition is complete and all data has been processed by the new vendor, the parties will be in a position to negotiate search terms to identify responsive custodial ESI and begin rolling productions. Hit counts are necessary for this process, and Wipro cannot comprehensively run proposed search terms until the data has been processed by the new vendor. Accordingly, pursuant to Paragraph 2 of Your Honor's Civil Case Management Order and the Pretrial Scheduling Order (Dkt. 41), the parties jointly request an approximately six-month extension to certain case deadlines, as reflected in the proposed scheduled attached hereto. Good cause exists to grant the parties' request for the reasons set forth above.

Respectfully submitted,

*/s/ Jonathan Rudnick*
Jonathan Rudnick
Daniel Kotchen (*pro hac vice*)

*Attorneys for Plaintiffs and Putative Class*

*/s/ Seton Hartnett O'Brien*
Seton Hartnett O'Brien
Greta Williams (*pro hac vice*)

*Attorneys for Defendant Wipro Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Court's CM/ECF system.

*/s /Seton Hartnett O'Brien*
Seton Hartnett O'Brien

**Attachment**

| **Event** | **Current Deadline (Dkt. 88)** | **Requested Extension** |
|---|---|---|
| Non-Expert Discovery Cut-Off | October 15, 2025 | April 17, 2026 |
| Any Motion for Class Certification[3] and Any Initial Expert Disclosure and Report | October 27, 2025 | May 1, 2026 |
| Any Opposition to the Motion for Class Certification and Any Rebuttal Expert Disclosure and Report | December 3, 2025 | June 12, 2026 |
| Any Reply in Support of the Motion for Class Certification | December 31, 2025 | June 22, 2026 |
| Dispositive Motions | March 2, 2026 | September 25, 2026 |
| Opposition(s) to Dispositive Motion(s) | April 6, 2026 | October 23, 2026 |
| Reply(ies) in Support of the Dispositive Motion(s) | April 27, 2026 | November 6, 2026 |
| Expert Discovery Cut-Off | May 18, 2026 | January 7, 2027 |

[3] As previously agreed (Dkt. 88, n.1), if a class is certified, the parties may file supplemental expert reports for trial by the Expert Discovery Cut-Off deadline.