**GIBSON DUNN**

Greta B. Williams
Partner
T: +1 202.887.3745
M: +1 202.818.0200
gbwilliams@gibsondunn.com

February 17, 2026

**VIA CM/ECF**
Honorable J. Brendan Day
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *MacLean et al. v. Wipro Limited*, No. 3:20-cv-03414 (GC) (JBD) (D.N.J.)

Dear Judge Day:

I write to bring to the Court's attention a potential data preservation issue that Gibson Dunn learned about late last week.

At the December 15, 2025 status conference, the parties discussed Wipro's investigation into the status of the devices used by the 26 agreed-upon custodians in this matter.  At the conclusion of the conference, the Court directed Wipro to identify and locate the devices used by any custodian employed by Wipro between June 1, 2014 and March 31, 2015. *See* Dkt. 117.  That investigation is in progress and Wipro looks forward to discussing it further at the March 9, 2026 conference.  Wipro will also provide in the near term an update to Plaintiffs' counsel, in accordance with Your Honor's directive at the conference.  *See id*.

As you may recall, in the course of discussing the custodian device investigation at the December 15 conference, the Court stated that it was under the impression that a custodian who was ***not*** subject to a litigation hold could not delete an email in a manner that would render it unrecoverable because "O365 was archiving all custodians' emails up to the 1.5 terabyte limit" (which was in place following Wipro's migration to O365, which occurred in late 2014 or early 2015 for all of the custodian who were employed during that time period).  *See* Tr. at 31:17-18.  I responded that this was my understanding as well. *See id*. at 32:1. At the end of the conference, the Court instructed Wipro to "be absolutely certain that what you're saying is accurate as to the archiving of emails post migration." *See id*. at 38: 6-7.

Gibson Dunn has since undertaken a further investigation into that issue.  The answer to that question—including specifically for the 26 *MacLean* custodians—has proven to be significantly more complex than initially appreciated.  Given Your Honor's instruction to "be absolutely certain" about this issue, Gibson Dunn is continuing to investigate and will provide the Court with additional information as soon as possible.

Late last week, in the course of investigating the Court's question, Gibson Dunn learned that there may be issues with respect to the litigation holds put in place in this matter. Specifically, on

**GIBSON DUNN**

February 17, 2026
Page 2

February 22, 2024, Gibson Dunn shared with Plaintiffs' counsel a list of the dates on which litigation holds were implemented for certain custodians in this matter. Unfortunately, based on Gibson Dunn's initial investigation late last week and over the weekend, it appears that some of these dates may have been inaccurate. However, because earlier litigation holds appear to have been put in place for each of the 26 custodians before Wipro became aware that they may be custodians of relevant information in this matter—and in many cases, well before this lawsuit was filed—Gibson Dunn is presently not aware of any spoliation issues with respect to emails.

Gibson Dunn is, in parallel, further assessing the dates on which other data sources such as OneDrive were placed on hold. At this time, we do not yet have complete information regarding those sources and therefore are not in a position to make a representation as to their status.

Gibson Dunn identified this potential issue just before the holiday weekend and immediately began investigating. Gibson Dunn is bringing this to the Court and the parties' attention now to ensure full transparency. Subject to the Court's preference, Gibson Dunn will provide a further written update no later than February 24, 2026. Wipro will also make an appropriate Wipro representative available for a Rule 30(b)(6) deposition on these preservation issues if the Court or Plaintiffs believe that would be helpful.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,


/s/  Greta Williams
Greta Williams (*pro hac vice*)


/s/  Stephanie L. Silvano
Stephanie L. Silvano


*Attorneys for Defendant Wipro Limited*

**GIBSON DUNN**

February 17, 2026<br>Page 3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Court's CM/ECF system.

/s/ *Stephanie L. Silvano*
Stephanie L. Silvano

5005412961.1