November 24, 2026

**VIA CM/ECF**
Honorable J. Brendan Day
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re: *MacLean et al. v. Wipro Limited*, No. 3:20-03414-GC-JBD**
**Joint Letter Regarding Status of Discovery**

Dear Judge Day:

In advance of the telephonic status conference scheduled for December 2, 2026, and pursuant to the Court's September 10, 2026 Text Order (Dkt. 137), Plaintiffs Gregory MacLean, Rick Valles, Ardeshir Pezeshki, James Gibbs, and Ronald Hemenway ("Plaintiffs") and Defendant Wipro Limited ("Wipro") (together, the "Parties") hereby submit this joint update regarding the status of discovery and to set forth any issues that are ripe for discussion with the Court.

On November 17, 2026, Wipro sent Plaintiffs a letter stating that, while preparing for the November 19, 2026 Rule 30(b)(6) deposition of Wipro concerning data preservation, Gibson Dunn learned that Wipro used Symantec Enterprise Vault ("Enterprise Vault") to archive email for certain users from its on-premises Microsoft Exchange system. The letter also stated that Gibson Dunn is currently investigating and would provide additional information as appropriate, including if Wipro is able to identify which of the 26 custodians, if any, had email archived in Enterprise Vault, and the date on which the system was decommissioned. Wipro also offered to have its Rule 30(b)(6) witness testify about non-privileged information regarding Enterprise Vault at the November 19 deposition, to the extent the witness was able given the ongoing investigation. If the investigation uncovers information that warrants further testimony, Wipro also offered to produce a witness for a limited remote deposition regarding Enterprise Vault.

On November 19, 2026, Plaintiffs took the Rule 30(b)(6) deposition of Wipro on issues related to data preservation and Wipro's investigation into the same. At the conclusion of the deposition, Plaintiffs' counsel held the deposition open for further testimony on Enterprise Vault and any new information concerning Parablu. Wipro disclosed the existence of Parablu to the Court in a letter dated August 19, 2026 (Dkt. 133). Wipro does not object to leaving the deposition open for further questioning on these topics to the extent they fall within the scope of the agreed upon deposition topics.

Since the last status conference, Wipro has also taken steps to prepare for custodial document review and production, which it expects to move forward with in the coming weeks.

The Parties do not have any issues ripe for discussion with the Court at this time. Following receipt of the Rule 30(b)(6) transcript and the conclusion of the Rule 30(b)(6) deposition, Plaintiffs intend to raise any data preservation issues with the Court.

The Parties look forward to discussing the status of discovery at the conference. We thank Your Honor for his attention to this matter.

Sincerely,

By: */s/ Jonathan Rudnick*
Jonathan Rudnick, Esq.
LAW OFFICES OF JONATHAN RUDNICK, LLC.
788 Shrewsbury Avenue
Tinton Falls, NJ 07724
Telephone: (732) 842-2070
Facsimile: (732) 879-0213
jonr@jonrudlaw.com

Daniel Kotchen (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
KOTCHEN & LOW LLP
712 H Street NE, #806
Washington, DC 20002
(202) 471-1995
(202) 280-1128 (Fax)
dkotchen@kotchen.com
lgrunert@kotchen.com

*Attorneys for Plaintiffs and Putative Class*

By: */s/ Stephanie L. Silvano*
Stephanie L. Silvano (SBN 168182016)
Grace E. Hart (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035
SSilvano@gibsondunn.com
GHart@gibsondunn.com

Greta B. Williams (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: (202) 955-8500
Fax: (202) 467-0539
GBWilliams@gibsondunn.com

Heather L. Richardson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7000
Fax: (213) 229-7520
HRichardson@gibsondunn.com

*Attorneys for Defendant Wipro Limited*

CC: All counsel of record via CM/ECF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Court's CM/ECF system.

/s/ *Stephanie L. Silvano*

Stephanie L. Silvano